THE STATE NATIONAL BANK OF ST. JOSEPH, Respondent, *vs.* ELIZABETH ROBIDOUX and J. C. ROBIDOUX, Appellants.

1. *Married woman—Deed of—Liability on covenant—Subsequent promise.*— Where a husband and wife convey the estate of the latter, under the statute of Missouri, (Wagn. Stat., p. 273, ¿ 2) she cannot be held in an action on her covenant, therein contained, against incumbrances. And a subsequent promise to pay the indebtedness guaranteed by said covenant, is void for want of consideration.

2. *Married woman—Separate estate—Payment of taxes on—Claim for in equity —Assignment of.*—Payment of taxes on the separate estate of a married woman, at her instance, and perhaps even with her assent, will constitute a claim in equity against her estate, and such a claim may be assigned.

3. *Corporation—Cessation of business—Right to sue.*—The cessation of active business on the part of a corporation, does not imply a dissolution of the company, so as to deprive it of the right to bring suit.

*Appeal from Buchanan Circuit Court.*

*B. R. Vineyard, Bennett Pike and J. W. Strong,* for Appellants : cited in argument, Murray vs. Fox, 11 Mo., 555 ; 13 Pet., p. 107–118.

*A. H. Vories,* for Respondent.

NAPTON, Judge, delivered the opinion of the court.

This is a petition to enforce a claim against the wife's separate estate in certain lots in the city of St. Joseph.

The petition states, in substance, that prior to 1865, Mrs. Robidoux, one of the defendants, wife of Julius C. Robidoux, the other defendant, had a separate estate for life in a part of lot 1 and in lots 4 and 5 in block 51, in the city of St. Joseph, and before that, had also owned the same interest in lot No. 6, the latter, at the date of the petition, belonging to the plaintiff by conveyance from Robidoux and wife in 1860 ; that previous to 1865, certain special taxes for grading and macadamizing the street in front of all said lots had become due, and amounted altogether to $1328.59 ; that the collector had obtained a judgment against said lots, and against J. C. Robidoux and Elizabeth Robidoux, owners of the same, for the taxes aforesaid, and had sold the same for these taxes ; that at the special instance of the defendants, the Bank of the

State of Missouri had become the purchaser of said lots at the said sum of $1328.59, the evidence of which was filed; that said money so bid was paid by the bank to the collector; that $462.73 was paid the bank afterwards by said defendant, J. C. Robidoux; that said J. C. Robidoux is insolvent, and has been for ten years past; that the Bank of the State of Missouri, when said bank so paid this money for the use and benefit of said Elizabeth, looked to and relied on the separate property of said Elizabeth to reimburse to the bank the money so advanced.

It is therefore asked, that the claim be enforced by a sale of the wife's interest in said lots 4 and 5 now owned by her; or by an appropriation of the rents of the same sufficient to extinguish the claim.

To this petition there was filed a demurrer, on the ground that there was no cause of action stated. This demurrer was at first sustained; but subsequently overruled.

An answer was afterward filed, denying every averment in the petition, and setting up the statute of limitations. To this new matter of the bar of the statute, a replication was filed.

At the trial objections were made to the introduction of any evidence on the ground of the insufficiency of the petition, thus bringing forward the same question raised by the demurrer. This objection was again overruled. Specific objections were also made to the introduction of every distinct piece of evidence offered, and on various grounds stated in the bill of exceptions; but as the merits of this case obviously depend upon a single question, it is thought unnecessary to notice the subordinate points.

The facts that appeared on the trial, so far as they are undisputed, are these; In 1860 Mrs. Robidoux had a life estate in all the lots named in the petition, 4, 5 and 6, and a part of lot 1; and in that year, by virtue of an act of the legislature which authorized her husband to convey the interest of their minor children, J. C. Robidoux and wife sold and conveyed lot 6 to the Bank of Missouri for about $7,000. This

conveyance contained the usual covenants implied by the words, " grant, bargain and sell.

Previous to this date (1860) there were special taxes due for macadamizing the streets in front of these lots, altogether amounting to $1328.59. The certificate of the city collector shows the following distribution of this sum upon the several lots. The tax upon lot 1 was $222.57; upon lot 4, $191.71; upon lot 5, $191.71; upon lot 6, $723.60; total $1328.59.

In 1865 these taxes were still unpaid, and, after a judgment had been obtained before the recorder of the city against the lots and owners thereof, the Bank of Missouri, at the request of Mr. J. C. Robidoux, bought in the lots and paid the taxes, with the understanding that the bank should be repaid by Robidoux from the rents accruing to his wife from time to time. An attempt is also made to establish this as a loan; and to show that Mrs. Robidoux consented to this arrangement, and knew all about it. The evidence on this last point is conflicting and by no means satisfactory.

The judgment of the court was as follows: " This cause coming on for hearing and being submitted, etc., etc., the court finds that on the 20th day of Feb. 1865, the assignor of plaintiff, the Bank of the State of Missouri, at the request of the defendant, Elizabeth Robidoux, and for her sole and separate use and benefit advanced the sum of $1328.59, to pay off macadamizing claims of the city of St. Joseph, for the year 1859 against lots 4, 5, 6 and part of lot 1 in block 51, in the city of St. Joseph, &c.; that said Elizabeth Robidoux, at the time said macadamizing debt accrued, was the sole and separate owner in her own right, free from the control of her husband, Julius C. Robidoux, for and during her natural life, of lots 4, 5 and 6 aforesaid, with the right to receive the rents and profits to her sole and separate use; that when said money was so advanced, it was agreed that the rents and profits of the separate estate of said Elizabeth, to-wit, of lot 5 in block 51 aforesaid, should be applied and paid to the extinguishment and satisfaction of said debt so contracted; that from time to time, as said rents accrued, payments were made

on said account up to Jan. 14, 1868, when upon said account-ing a balance was found still due of $885.86, and which with the interest thereon at six per cent., amounting to the sum of $1173.23 is still due and unpaid; that under said agree-ment said separate estate was to be bound for the payment of said debt, and under the law ought to be subjected to the payment thereof. Therefore, it is ordered and adjudged and decreed that said lot 5 be subjected to the payment of said debt; and that its rents and profits be set apart and appro-priated to this purpose, and that the interest of Elizabeth Robidoux in said lot, or so much as may be necessary to pay said debt, be sold by the sheriff, etc."

I omitted to state, that on the back of the certificate given to the Bank of Missouri, were the following indorsements: "March 1, 1866, of J. C. R., $224.17; Aug. 3, 1866, $38.75; April 1867, $78.26; Jan. 14, 1868, received interest to this date and $140.37 on principal."

The defendant, Robidoux, claimed a credit for upwards of a thousand dollars; but the court found the balance due to be $865.86. There seems to be a discrepancy between the credits admitted in the petition and those marked on the certificate.

There are various points made in this case, some of which it will not be necessary to notice. The petition is obviously defective, and states no cause of action. It asks the enforce-ment of a lien on property which, it is alleged, is owned by plaintiffs under the purchase at the tax sale, without offering to convey the title; nor does it distinctly aver any promise on the part of the defendant, Elizabeth Robidoux to pay the assessments, or any loan of the money advanced, but simply states a payment by the bank of Missouri, of this indebted-ness with a view to secure its re-payment out of the separate estate of the wife, and relying solely on the separate interest of the wife.

The demurrer was properly sustained and ought not to have been overruled. But these defects might have been cured, and as the real merits of the case depend on another

question, we will pass this by and examine rights of the parties as disclosed by the evidence.

It will be observed, that the finding of the court entirely ignores the deed from Robidoux and wife to the bank in 1860, and makes no distinction between the assessment on lot 6, and those made on the lots of which Mrs. Robidoux was still the owner.

It would seem, upon an examination of the testimony, that this suit was an attempt to secure out of the separate estate of a. married woman, the damages which resulted from a breach of warranty in the deed of her husband and herself, conveying this estate. Our statute declares that "a husband and wife may convey the real estate of the wife, and the wife may relinquish her dower in the real estate of her husband, by their joint deed, acknowledged and certified as herein provided ; but no covenant expressed or implied in such deed shall bind the wife or her heirs, except so far as may be necessary effectually to convey from her and her heirs all her right, title and interest expressed to be conveyed therein." (1 Wagn. Stat., p. 273.)

Mrs. Robidoux was not the owner of lot 6 when the alleged agreement was made with her, if any such was made. She was not responsible on her deed of conveyance to the bank, for any covenant in that deed. Nearly all, if not all the taxes, now claimed to be enforced against her separate property, were due on lot 6, which had been conveyed by her five years before the alleged arrangement, and was owned by the bank. The evidence of her agreement to assume this debt is not clear; but assuming it to be so, it was without any consideration whatever. Whatever liability existed on her part on account of an incumbrance on lot 6, was created by her deed in 1860 and no such liability existed. Her promise to pay a liability which had no existence is not binding on her. There was no consideration upon which such promise could rest.

In regard to lots 1, 4 and 5, in which she continued to have a separate estate, her assent to the payment by the bank

might bind her to reimburse such payments, or bind her separate property in them. Such payments were really to relieve an incumbrance on her separate estate, and a request on her part to pay them, might constitute a claim against such separate estate.

It does not appear from the finding of the judge, what proportion of it was considered as arising out of a claim against such estate as Mrs. Robidoux owned at the date of the decree.

But it is further claimed that the plaintiff as assignee of the bank of the State could not maintain such suit; that the lien claimed by the Bank of Missouri could not be transferred to another, and in support of this view, the case of Hech vs. Spears, (27 Ark., 220) is cited, which decides that a vendors's lien is not transferrable. But we see no objection to such an assignment, any more than to an assignment of an expectancy or possibility of an heir to his ancestor's estate which cannot be enforced as a trust but only as a right founded on contract. It is further claimed that the plaintiff had ceased to do business for 18 months before this suit was instituted; and therefore is an extinct corporation and has no right to sue. No evidence was adduced to show that the plaintiff was deprived of the right to sue. Its cessation of active business does not imply a dissolution of the corporation, so as to deprive it of its right of action.

The plaintiff was entitled to enforce its lien against the separate property of Mrs. Robidoux to the extent of the taxes against such lots as were owned by her at the commencement of the suit, provided it was established that such payments by the bank were made at her instance, and for her benefit. But to enforce such lien to the extent of the assessments made on a lot conveyed by her with warranty, is a mere evasion of her exemption from liabilities on covenants of her deed.

The judgment will be reversed, and the case remanded; Judge Vories did not sit, having been of counsel. Judge Sherwood absent, the other judges concur.