Burnley v. Thomas, et al.

———o———

JAS. BURNLEY, Plaintiff in Error, *vs.* JAS. S. THOMAS, *et al.*, Defendants in Error.

1. *Married woman—Separate estate—Question as to character of estate, how determined.*—The separate estate of a married woman is one to which the marital rights of the husband do not attach, or from which they have been excluded. And the character of the estate will be determined by ascertaining whether the words employed in the grant manifested an unequivocal intent to exclude the power and marital rights of the husband.

2. *Married woman—Separate estate may be joint and for life only.*—A separate estate may be held by a married woman for life only, and conjointly with her children.

3. *Married woman—Separate estate—Intent to charge, how shown.*—The law implies from the execution of a note by a married woman, a purpose on her part to charge her separate estate, there being no indication of a contrary purpose on the face of the paper.

*Error to Saline Circuit Court.*

*J. P. Strother*, for Plaintiff in Error, cited : Metropolitan Bank of St. Louis vs. Taylor, 53 Mo. 444, 450, 451, 455 ; Prevot vs. Lawrence, 51 N. Y. 219 ; State Nat. Bank of St. Jo. vs. Robidoux, 57 Mo. 446 ; Meyers vs. Van Wagoner, 56 Mo. 115 ; Seimers vs. Kleeburg, 56 Mo. 196 ; DeBaun vs. Van-Wagoner, 56 Mo. 347 ; Lincoln vs. Rowe, 51 Mo. 571 ; 47 Mo. 504 ; 32 Mo. 252 ; 23 Mo. 457 ; Murray vs. Barlee, 3 Myl. & Keene, 209.

*C. Breathill*, for Defendants in Error.

I. The defendant Julian has no separate estate in the land, since she holds possession together with her children. (1 Black. book 2, p. 180.)

II. Should the defendant, Julian Thomas, give birth to a child or children, after the deed to the land was signed and delivered, the estate would open and become divested in quantity by the birth of subsequent children, who are let in to take vested proportions of the estate. (4 Kent, t. p. 218, s. p. 206 ; 44 Mo. 560.) And the provision that gives her the use, benefit and profits of the land during her life, is qualified and governed by the foregoing one. If they are inconsistent, the first must prevail. (1 Black. book 2, p. 381.)

III. The contract being void at law, equity will not enforce it against the land, unless the defendant, Julian Thomas, in the note expressly makes the debt a charge upon it—which is not the case here. (Kimm vs. Weippert, 46 Mo. 532.)

HOUGH, Judge, delivered the opinion of the court.

This was a proceeding to subject the estate of the defendant, Julian Thomas, in certain lands in Saline county, the legal title to which was vested in the defendant John W. Thomas, as trustee for her and others, to the payment of a note executed and delivered to the plaintiff by said Julian Thomas and the defendant James S. Thomas, her husband, and said John W. Thomas.

The material question presented for determination is, whether her estate in said lands was held by the trustee, Thomas, for her sole and separate use, so that she could in equity bind it for the payment of said note.

That portion of the conveyance to John W. Thomas of the lands in question, which declared the trust, is as follows : "in trust for the sole and separate use of the said Julian Thomas and her children, however reserving a quarter of an acre of said tract on which the grave yard is situate. The aforesaid tract of land is hereby conveyed to said party of the second part, as trustee, as aforesaid, to the exclusion of any husband she, the said Julian Thomas, may have, but to be occupied and enjoyed by the said Julian Thomas and her family during her natural life time, she to have the use, benefits and profits of the same during her life, and at her death it is to be the property of her children. If the said Julian Thomas should conclude, at any time, that it would be

best for her to sell the land hereby conveyed, she is hereby empowered and privileged to sell and convey the same, through the trustee aforesaid, or his successors, but the money or proceeds are to be invested in land, which land is to be held and descend in the same manner as the tract conveyed by this deed to the said party of the second part, as trustee for Mrs. Julian Thomas and her children, as aforesaid."

It is contended by the counsel for the defendants, that Julian Thomas did not acquire any separate estate in the lands conveyed to her trustee, by virtue of the foregoing provisions, inasmuch as the estate conveyed was for the benefit of the wife and her children, and was to be occupied and enjoyed by her and her family during her life.

The circuit court, it would seem, took the same view, as the relief asked by the plaintiff was denied.

The separate estate of a married woman is one to which the marital rights of the husband do not attach, or from which they have been excluded. Hence, whenever a question has arisen as to the existence of a separate estate, the inquiry has been whether the words employed by the donor, grantor or devisor manifested an unequivocal intent to exclude the power and marital rights of the husband. The fact that a *femme covert* is made a tenant in common of an estate, by a conveyance which excludes the marital rights of the husband, will not prevent such estate from becoming the separate estate of the wife. (Metropolitan Bank of St. Louis vs. Taylor, 53 Mo. 444.) Nor will the fact that the estate conveyed is a life estate simply, so prevent it. (National Bank of St. Joseph vs. Robidoux, 57 Mo. 446.)

The words "separate estate" are not limited in their application to estates held in severalty only, but they are also applicable to an estate held by the wife jointly, or in common with others, whether such estate is for years, for life, or in fee, provided the marital rights of the husband are excluded therefrom. It is unnecessary to say anything as to the effect of this deed as between Julian Thomas and her children ; and as the words employed to exclude the husband's marital rights are clear, precise and ample, we do not hesitate to hold that Julian Thomas had an estate in

the land conveyed which she could charge with the payment of the note signed by her.

The law implies from the execution of the note a purpose, on her part, to charge her separate estate, there being no indication of a contrary purpose on the face of the paper, (Metropolitan Bank vs. Taylor, 62 Mo. 338) and the circuit court therefore erred in refusing the plaintiff the relief sought by him.

The judgment of the circuit court will be reversed and the csuse remanded. The other judges concur.