BLEDSOE, Plaintiff in Error, v. GAMES *et al.*, Defendants in Error.

1. The vendor of an equitable title has a lien for the unpaid purchase money to the same extent as the vendor of the legal title.

*Error to Callaway Circuit Court.*

This was an action by the plaintiff Bledsoe against John Games, Gideon Games, and Jonathan C. Duvall. The petition in substance is as follows: Plaintiff states that on October 3, 1858, and long prior thereto, he was the owner in equity of a certain tract of land; that the defendant Gideon Games holds the legal title in trust for the plaintiff; that Gideon Games, having the legal title formerly, sold said land to his son John Games and Craig Games jointly; that Craig sold his undivided half thereof to John Games; that said Gideon then executed a title to said John Games his son; that said John Games being the equitable owner, and being possessed, transferred by written agreement, dated December 26, 1856, his said equitable title to the plaintiff Bledsoe for $2,000; that having paid the purchase money due upon said

Bledsoe v. Games.

agreement, he, Bledsoe, became the equitable owner of said land; that afterwards he, Bledsoe, contracted and agreed to sell said land to John Games for the sum of $2,400, for which said sum he agreed to take in payment from said John Games a note for $1,000 that had been given to said John Games by plaintiff, and for the balance of said purchase money he took the note of said John Games for $1,400, dated October 3, 1857, and payable on or before June 1, 1858; that said note is due and remains unpaid; that said Gideon Games, being possessed of the legal title and being trustee for the plaintiff and having full notice of the lien of the plaintiff for the balance of the purchase money, sold the said tract to Jonathan Duvall for $2,800; that said Duvall purchased without notice of plaintiff's lien; that there is a balance of purchase money remaining due and unpaid by said Duvall amounting to $1,400; that $1,400 has been paid by said Duvall to said Gideon Games. Plaintiff asks judgment against said John Games for $1,400, the amount of his note, with interest. He also asks that the purchase money still remaining unpaid by said Duvall and to Gideon Games be arrested in the hands of said Duvall and applied in payment of the amount due plaintiff on the note from John Games; that Gideon Games be restrained from collecting the sum due from Duvall to the prejudice of plaintiff; that Gideon Games be compelled to account for sums received from Duvall. Plaintiff also prays that after the payment of said note from John Games the title to the land, as against said John Games and Gideon Games, be decreed to vest in said Duvall.

The court sustained a demurrer to this petition.

*Jones & Hayden*, for plaintiff in error.

I. The plaintiff had invested in the land an interest amounting to the sum of two thousand dollars, being the price paid by him to John Games. As against John Games, to whom he afterwards sold the land, nothing could divest that interest except the payment of the money; and so long

as the purchase money remained unpaid the land was in equity a security therefor. Before he could make this security available, Gideon Games, who held the legal title in trust constructively for John Games and his assignee, Willis Bledsoe, in violation of that trust, sells to Duvall, receives part of the money, and pockets it, and is seeking to obtain the balance. Gideon Games had no interest in the land; he had sold it. If the purchase money was still due him, that would be a fact to be set up by him. He could not foreclose such an equity by a private sale to Duvall, by which the rights of Bledsoe would be compromised. Bledsoe had a subsequent lien and a consequent right to redeem. The petition does not show that Gideon Games had any interest in the land; he simply held the title in trust for the equitable owner. The balance of the money remaining unpaid can be arrested and applied to the satisfaction of Bledsoe's prior encumbrance and equitable lien. Bledsoe was the owner in equity before his sale to John Games, and had a lien for his money after said sale, and might have enforced a conveyance from Gideon Games, who simply held the legal title. He may proceed against the balance of the purchase money in the hands of Duvall, and for such as has been paid over to Gideon Games. (2 Sto. Eq. § 1232, 1255.)

*Gardenhire*, for defendants in error.

I. The judgment is for the right party. Gideon Games and Duvall are improper parties. They are not necessary to a complete determination of the action. The only action maintainable is against John Games for the amount of the note. Bledsoe never having had the legal title, had no lien for the unpaid purchase money. Gideon Games, holding the legal title, had a lien upon the land against John Games and Bledsoe. (10 Mo. 398; 2 Sto. Eq. § 1217; Bailey v. Greenleaf, 7 Wheat. 50.) At least the lien of Bledsoe was subordinate to that of Gideon Games. Before the lien on the equitable interest can be made available in a way to affect the original vendor, it must be shown that his lien has been extinguished.

This the petition does not show. The action against Gideon Games and Duvall is based upon an implied trust. There is no pretence that a trust was actually intended. Duvall purchased from Gideon Games.

SCOTT, Judge, delivered the opinion of the court.

This case stands upon a demurrer, and we see no good reason why the defendants should not have answered the plaintiff's petition. If John Games has not paid Gideon Games the purchase money he owed him for the land, neither he, nor his assignee and vendor, the plaintiff, will be entitled to a decree against him until that is done, as he can not be entitled to more than what remains of the value of the land after Gideon Games is satisfied his purchase money.

We do not see the force of the objection, that the petition does not aver that Gideon Games has not been paid his money. The plaintiff Bledsoe may not know how the facts are between John and Gideon Games. If Bledsoe had declared his ignorance of the fact of the payment of the purchase money to Gideon Games, would he have been deprived of all relief? Bledsoe is entitled to know whether the original purchase money has been paid to Gideon Games, and if it has, then Gideon was guilty of a fraud in selling to Duvall; and if the purchase money has not been paid by Duvall, it may be stopped in his hands for that purpose.

The lien for the unpaid purchase money of real estate is recognized to the same extent, in case of a sale of an equitable title, as of a legal one. (1 White's Eq. Cas. 271.) The case of Bailey v. Greenleaf, 7 Wheat. 41, cited by defendant, is not analogous to the present. In that case the court says there was an actual conveyance of the legal estate. (Id. 57.)

Judgment reversed and remanded. The other judges concur.