ADAMS, Plaintiff in Error, v. COWHERD *et al.*, Defendants in Error.

1. Where the vendor of land, who has given a title bond only conditioned for the execution of a deed upon the payment of the purchase money, and who has not executed a deed of conveyance to the purchaser, assigns a note given for the purchase money to another, the equitable lien of the vendor will pass to the assignee and he may enforce the payment of the note against the land specifically.

2. Where the vendor gives merely a bond for the conveyance on the payment of the purchase money, and the vendee sells to another, such purchaser will take subject to the rights of the vendor, without regard to the question whether he had actual notice or not of the vendor's lien.

*Error to Saline Circuit Court.*

The facts of this case, in brief, are as follows: James M. Taylor sold certain tracts of land to George R. Cowherd, giving him, said Cowherd, a bond conditioned for the conveyance of said land to said Cowherd upon the payment of

the purchase money. Cowherd gave his negotiable promissory notes to Taylor for the instalments to be paid. One of these notes was assigned by Taylor to the plaintiff Andrew Adams. Another note was assigned to the defendant George W. Nelson. Cowherd sold said land to one Hancock W. Davis, a defendant in this suit, who set up in his answer that he purchased *bona fide* without notice of any alleged lien on said land. Plaintiff seeks in this action a recovery on said note and the enforcement of a lien on the lands as against Davis. At the trial by the court, without a jury, the court, at the instance of defendant Davis, declared the law " to be that the plaintiff, as assignee, has no right to enforce the vendor's lien in this case." The court refused to declare, as requested by the plaintiff, that " by the transfer of the note to the plaintiff, he, as assignee, has the right to enforce the vendor's lien for its payment."

This constitutes the action of the court complained of.

*Adams*, for plaintiff in error.

1. The assignment of the note, whether the deed has been made or not, carries with it as an incident the right to enforce the vendor's lien for its payment. (1 Lea. Cas. in Eq. p. 274; Graham v. McCampbell, Meigs, 52; 2 Yerg. 84; Tanner v. Hicks, 4 Smedes & M. 294; 5 Humph. 489; 2 Mo. 179; 7 Mo. 466; 9 Mo. 277; 10 Mo. 398; 23 Mo. 447; 19 Mo. 425; 4 Litt. 289, 317; 5 Mon. 287; 3 J. J. Marsh. 45; 2 Dana, 99; 2 Burr. 969; 9 Ves. 411; 1 Johns. 580: 4 Russ. 336; 2 Verm. 84; 3 B. Monr. 452, 50; 2 Sto. Eq. § 1227; 1 Hill on Mort. 482; 9 Barr, 89.) The assignee might obtain a judgment *in personam* against the vendee, but if the vendee had nothing but the land, of what avail would the judgment be? The land could not be sold under the judgment. (10 Mo. 398; Lumley v. Robinson, 26 Mo. 364.) The only remedy in such case is a direct proceeding against the land itself to enforce the vendor's lien. No question can arise in this case about a waiver of the lien. No deed was given; only a title bond. (23 Mo. 447.)

*Ryland & Son*, for defendants in error.

I. The taking of a negotiable promissory note, with the names of endorsers other than those of grantor and purchaser, is in law a waiver of the vendor's lien. (1 Amb. 724; 6 Ves. 752; 2 Verm. 281; 2 Humph. 248; 3 Ala. 302; 1 Gilm. 498; 5 Mun. 297; 1 Hard. 48; Yelv. 67; 21 Verm. 277.) The assignee of a note given for the payment of the purchase money has no vendor's lien, and acquires by his assignment no such lien. (1 Ohio, 318; 2 Ohio, 383; 14 Ohio, 22; 14 Ohio, 437; 3 Yerg. 27; 5 Yerg. 205; 7 Yerg. 9; 2 Dev. & Batt. Eq. 390; 1 Paige, 502; 6 How., Miss., 362; 1 Lea. Cas. Eq. 274; 3 Barb. 272; Freeman, Ch. 574.) In this case there was no note of the defendant Davis assigned to plaintiff. Plaintiff has no demand against Davis. The court properly declared the law. (29 Mo. 28.) The vendor's lien is not attached to a note for the purchase money, nor does it follow such note wherever it may go. The title to the assigned note is legal. There is no equity necessary to his title. (1 Mason, 24; 6 How., Miss., 362: 1 Bland, Ch. 524.) The lien is only implied and depends on circumstances. (5 Mon. 300.) It can not be enforced by a third party as assignee. It is unassignable. (3 Atk. 273; 1 Mass. 190; Sugd. on Vend. 63; 3 Young & Jar. 264.) The note is not the note of Davis. If the assignor should be compelled to pay the note, he may enforce the original vendor's lien. (7 Gill & Jo. 120; 1 Bland, Ch. 519; 2 Rose Cas. in Ch. 79; 3 Barb. 272.) The assignment of a note will carry with it the benefit of a mortgage, but not of a vendor's lien.

SCOTT, Judge, delivered the opinion of the court.

The application of the doctrine in relation to a vendor's lien for the unpaid purchase money may arise where the vendor makes an absolute deed which conveys away his legal title to the vendee, and also where the legal title is retained by the vendor, he only giving a title bond to convey when the purchase money is paid. The want of attention to this dif-

ference, among the cases in which the right of a vendor to a lien for his unpaid purchase money has been involved, causes much embarrassment in the examination of this subject. It is obvious that the vendor, who retains his legal title and merely gives a bond to convey, is in a very different situation, in regard to the land he has sold, than he who has made an absolute conveyance conveying away the legal title. Where the vendor retains the legal title, the transaction on its face shows that he intends to hold such title as a security. It is just the same as if the vendor had conveyed the land, and afterwards taken a reconveyance by way of mortgage to secure the payment of the purchase money. In such cases the question of a want of notice of the equity of the original vendor can not arise, for he who purchases from one whose only title is a bond to convey may easily know the equitable rights of the original vendor, or he is guilty of such gross negligence as is evidence of a fraud. (Anthony v. Smith, 9 Hum. 511 ; Graham v. McCampbell, Meigs, 52.)

The doctrine in those states in which it is admitted to be law that the assignee of a note given for the purchase money does not acquire by such assignment the lien which the vendor himself had, has no application in cases where the vendor retains the legal title. It is only applicable where the vendor makes a full conveyance which passes away absolutely his legal title. This seems to be well settled law. (Lead. Cas. in Eq. 274, 275.)

This suit is not to subject Davis to the payment of the note. He is not a party to it, and can not be sued upon it. The action is to subject the land to the debt evidenced by the note ; and as Davis acquired the land with a knowledge of the equitable rights of the vendor, he was properly made a party to it.

We do not see the force of the objection, that the plaintiff failed to have the note protested, and thereby lost his recourse against his endorsers. But if the endorsers are discharged, is not Cowherd, the maker, still liable ? As Cowherd was the real purchaser of the land, and gave the note

McLaurine v. Monroe's Adm'rs.

for the purchase money, if the plaintiff has lost his recourse, as is alleged, against some of the parties to it, how does that discharge the debt as to Cowherd? If the plaintiff had sued the endorsers, and recovered the debt, they would have fallen back on Cowherd; and he being the purchaser of the land, it would, in his hands or the hands of the assignee, have been liable for the purchase money.

Reversed and remanded. The other judges concur.