JOSEPH FICKLIN AND WILLIAM T. FICKLIN, Respondents, *v.* JNO. N. STEPHENSON *et al.*, Appellants.

*Vendors—Purchasers.*—A sold lands to B, and gave bond for conveyance upon final payment of the purchase money. B subsequently sold the land to C, received the price, and gave bond for a conveyance. A afterward conveyed the lands to B, taking back deed of trust of the same date, to secure payments of the purchase money remaining unpaid. In a suit by C against A and B, to vest title, held that C purchased subject to the rights of A, and could not demand a conveyance without payment of the amount due A by B, and that the execution of the deeds of A to B and of B to A left the title where it was before, as if the two conveyances had been but one in fact.

*Appeal from Livingston Circuit Court.*

*Ray*, for appellants.

I. The defendants insist that the court below committed error in striking out the answers of defendants, and especially the amended answer of Stephenson & Maupin.

On the part of Call & Clark it is insisted that as they have

not the *legal* title, (it being in Stephenson & Maupin by virtue of mortgage,) they cannot perform what they would be required to do. A fundamental doctrine of specific performance is, that the defendant must be able to do what he is asked to perform. (See Ad. Eq. 249 & 250; 2 Sto. Eq. 742 & 769.)

On the part of Stephenson & Maupin it is insisted that, as *vendors* of a part of the real estate sued for, they have a lien upon the same for the balance of the unpaid purchase money, and to that extent resist the claim of plaintiff. The doctrine of vendor's lien, as usually understood, is a purely equity doctrine, and ordinarily arises where the vendor has *conveyed* the legal title, and because he has conveyed it. This is not precisely that case. At the time of the sale we made no conveyance, but gave a "title bond" simply, retaining the legal title as a security for the purchase money. During this interval it will not be pretended that the *title* could be forced out of them without paying the purchase money. The subsequent execution of the deed and mortgage was all one *entire* transaction.

It is not pretended that a vendor may not waive his lien in various ways; but it is insisted that whether he has waived it is always a question of *intention* to be determined by the peculiar circumstances of the case. But this is not the case, where, instead of a conveyance, the vendor has only given a title bond. In such case the taking of the security makes no difference. (5 Ohio, 35; 2 Ohio, 383; 19 Mo. 425; Ad. Eq. 126 & 129; 1 Wh. & Tud., L. C. Eq. 194, & Am. No.; Sto. Eq. 465.)

In the ordinary case of a purchase of a tract of land where the purchaser takes a deed, and at the same time gives a mortgage — the purchase money, the deed and mortgage is regarded as one entire transaction — the widow of the purchaser is not entitled to dower, as against the vendor or those claiming under him. (4 Kent, 38 & 39; 1 Bay, 312; 4 Leigh, 30; 15 Pet. 21; 15 Johns. 458 & 477; 3 Wend. 233; 6 Cow. 316.) The same principle will apply to this case.

When equities are equal, the legal title prevails. The equity of Stephenson & Maupin is equal, if not superior, to that of the Ficklins, and the legal title is with them. Another rule is, when the equities are equal, the elder will prevail. It cannot be pretended that the date of our equity commenced with the mortgage. Our equity originated with our sale to Call, which of course was prior to their purchase from Call & Clark. The mortgage was only an effort to superadd legal security to a preëxisting equity. The debt due originated not at date of mortgage, but at date of the original sale. (See Morris v. Pate, 31 Mo. 315.)

*Tindall & Slack,* and *Ryland & Son,* for respondents.

I. The court below committed no error in striking out part of the answer of Call & Clark, and the judgment of the court, so far as they are concerned, is clearly right. Stephenson & Maupin took the mortgage from Call & Clark, with notice of respondents' right to the property, and subject to the same.

II. The answer of Stephenson & Maupin contained no defence, and there was no error in striking it out. It is not denied that *prima facie* the vendor's lien exists when no express lien or security is taken; it is only implied, however, and for the reason that no express security is taken. But the taking of express security by mortgage on the land itself, or on any other property, or of the responsibility of a third person, is a waiver of the implied lien. The taking of the mortgage shows that Stephenson & Maupin did not repose on their vendor's lien, but upon the security furnished by the mortgage, and was a waiver of their vendor's implied lien. (Young v. Wood & Abbott, 11 B. Mon. 128; 14 Ohio, 428; 1 Paig. Ch. 20; Little et al. v. Brown, 2 Leigh, 353; Wilson et al. v. Graham's Exec'rs, 5 Mumf. 297; dissenting opinion of Hitchcock, J., in Boos v. Ewing et al., 17 Ohio, 525 — all in point.)

III. The principle relied on by respondents is, " that the taking of an express lien is a waiver of the implied lien."

(Hard. Ky. R. 48 ; Gil. R. 329 ; 20 Ohio, 546 ; 3 J. J. Marsh, 163 ; 6 Blackf. 273 ; 1 Sm. & M. Ch. 462 ; 1 Mason, 191 ; 5 Ham. Ohio, 35 ; Dev. & B. 32 ; 1 Gill & J. 120 ; 4 Wheat. 255 ; s. c., 4 Pet. C. R. 456 ; 6 How. Miss. 527 ; 19 Mo. 429 ; 3 Ala. 302 ; 8 Gill & J. 87 ; 4 Comst. 412 ; 12 B. Mon. 265 ; 9 B. Mon. 265 ; 1 S. & Lef. 135 ; 2 Vern. 281 ; 2 Ball & B. 515 ; 2 Ves. & B. 246 ; 6 Ves. 752 ; 16 Ves. 278 ; Taml. 21 ; 4 Gilm. 498 ; 1 Doug. 422. )

IV. The decision in the case of Boos v. Ewing et al., 17 Ohio, 500, is unsupported by either principle or authority, and is in direct conflict with a plain and well settled principle, viz., that the taking of security is a waiver of the vendor's implied lien, (see authorities cited to the 2d and 3d points,) and the Supreme Court of Ohio have before and since, as well as in that case, expressly recognized this principle as true.    (5 Ohio, 35 ; 14 Ohio, 428, in direct conflict with Boos v. Ewing ; 17 Ohio, 291 and 527 ; also, 20 Ohio, 546.)

DRYDEN, Judge, delivered the opinion of the court.

As appears from the petition, Call and Clark, two of the defendants, sold to the plaintiffs, Ficklin and Ficklin, for the price of five thousand dollars, paid in hand, certain town lots in the town of Chillicothe, in this State, and by their obligation in writing bearing date the 24th of March, 1859, bound themselves to convey the property by a good and sufficient deed to the plaintiffs within twelve months thereafter.   It also appears from the petition that the defendants Call & Clark afterwards, on the 10th of May, 1859, made a conveyance of the major part of the property they had sold to the plaintiffs, to their co-defendants, Stephenson & Maupin, to secure the payment of two notes of seventeen hundred and fifty dollars each which they owed to the latter.   The petition charged notice to Stephenson & Maupin of the previous sale by Call & Clark to the plaintiffs, and asked for a conveyance of the title as against all of the defendants.

Stephenson & Maupin answered jointly, and for their de-

fence said that in 1858, prior to the sale by Call & Clark to the plaintiffs, they sold the same property to Call & Clark for one thousand dollars cash and three thousand five hundred dollars on a credit of one and two years, and bound themselves by title bond to convey the same to their said codefendants on payment of said notes; that the deferred payments remaining unpaid, these defendants, on the 10th day of May, 1859, made an absolute conveyance of the lots to Call & Clark, and at the same time, and as part of the same transaction, Call & Clark made and delivered to these defendants the mortgage deed, referred to in the plaintiffs' petition, to secure said deferred payments. The answer also avers that the plaintiffs, at the time·of their purchase, had notice of the condition of the title and of the nonpayment of the purchase money to these defendants; and also averred that at the time of the filing of the answer the greater part of their said demand still remained unpaid.

The plaintiffs moved to strike out the answer, because the matters therein were "irrelevant, immaterial and insufficient," and the motion was sustained by the court. Call & Clark likewise answered, and a part of their answer was also stricken out; but it will not be necessary further to notice the action of the court in that matter, as the question in the case will be disposed of in the consideration of the answer of the other defendants.

After striking out the one answer and pruning down the other, the court proceeded to try the case, and rendered judgment, divesting the defendants of their title, legal and equitable, and vesting the same in the plaintiffs, and the defendants appealed.

The motion to strike out was in the nature of a demurrer, and in its consideration the allegations of the answer must be taken as true; the question, therefore, for us, is as to whether the matters charged in the answer constitute a bar to the relief asked by the plaintiffs.

The plaintiffs purchased in subordination to the existing

rights of Stephenson & Maupin. Whatever infirmity belonged to the title of Call & Clark at the time of their sale adhered to it in the hands of the plaintiffs. The plaintiffs could acquire no more or better title than their vendors had. It cannot be pretended that the plaintiffs were entitled to a conveyance of the legal title as against Stephenson & Maupin, so long as the latter sustained the relation of vendors to Call & Clark, and held the title as their security for the purchase money; but it is insisted that the conveyance of the legal title by Stephenson & Maupin, although simultaneously reconveyed by Call & Clark, having been made subsequent to the sale from Call & Clark to the plaintiffs, had the effect to discharge the property from the lien for the purchase money, and to make the mortgage a conveyance of the legal title subsequent and in subordination to the prior right of the plaintiffs. We do not concur in this view of the question. The doctrine that the taking of an express lien is a waiver of the implied lien of a vendor, relied on by the respondents' counsel, has no application to the facts of this case. Stephenson & Maupin had more than the implied lien of a vendor; they had the title. This they still have. The mutual conveyances between them and Call & Clark, being one and the same transaction, left the title precisely where it was before, unaffected by the instantaneous, transitory seizin of Call & Clark, just as if the two conveyances had been but one in fact and executed by all the parties to both. The transaction did not increase the burdens of the plaintiffs, nor did it in anywise diminish the rights of the defendants. The defendants Stephenson & Maupin having both the prior legal title and the elder equity, must prevail. The answer was a bar to the action, and the court erred in striking it out, and for this cause the judgment is reversed and the cause remanded. The other judges concur.