———o———

GEORGE W. STRICKLAND, Defendant in Error, vs. JOHN SUMMERVILLE, et al., Plaintiffs in Error.

1. *Vendor's lien—No waiver of, where vendor retains title, etc.*—As long as the vendor retains the legal title to land, there can be no waiver of the lien for the unpaid purchase money. The title being in himself, he can retain it until he is fully paid; and the taking of other or additional security of itself is no waiver of the right. (Adams vs. Cowherd, 30 Mo., 458.)

*Error to Jackson Circuit Court.*

*Ewing & Smith*, for Plaintiffs in Error.

I. The taking of personal security was a waiver of the lien of the vendor. (Delassus vs. Poston, 19 Mo., 465; Gilman vs. Brown, 1 Mason, 191; Brown vs. Gilman, 4 Wheat., 255; White vs. Dougherty, Mart. & Yerg. 309; Mayham vs. Coombs, 14 Ohio, 428; Ducker vs. Gray, 3 J. J. Marsh., 163.)

II. But if there was a lien in the first instance, it was extinguished by the payment made by Jesse. Jesse borrowed money of Shoemaker and gave his note with Strickland as surety therefor. This money was paid to extinguish the original purchase note for the land. Jesse then became the debtor of Shoemaker. The purchase money was paid and how could there be a lien therefor? Strickland paid the note on which he was surety to Shoemaker for Jesse, and took an assignment of the note. By what principle of equity can it be insisted that

this note can be for the purchase money, or a vendor's lien declared therefor? There is no purchase money unpaid. The amount due plaintiff is no part of the purchase money. The fact that Jesse agreed verbally, two years after the sale to him, that the money for which he was indebted to plaintiff on account of the amount paid Shoemaker, should be paid before plaintiff was bound to make the deed under the original contract and sale, had no significance or bearing in the case. There was no consideration for such promise and the 'agreement is within the statute of fraud besides. The lien of a vendor can exist only for unpaid purchase money. (Meigs vs. Dimock, 6 Conn., 458.)

*James K. Sheley,* for Defendant in Error.

I. The title to the land was in Strickland, and he had the lawful right to hold the same till all the money Jesse had agreed to pay for the land was paid. Summerville having by his agreement procured the deed to be made, became liable to pay the debt and Strickland had a vendor's lien for the same. (Adams vs. Buchanan, 49 Mo., 64, and the cases there cited.)

II. As between the vendor and the vendee, and all persons purchasing with notice, a lien exists in favor of the vendor for the purchase money, unless the same shall be waived by the vendor. A waiver can only be by taking security other than the land. (Adams vs. Buchanan, *supra.*) Here the vendor never took a note with or without security; but looked only to the land for his money.

III. The sale was a mere verbal one, and no court of equity would have compelled him to convey until the whole of the purchase money had been paid. The undertaking of Summerville, to pay Strickland so much of the purchase money as he had agreed to pay Jesse, stamps it with the character of purchase money, and of itself created a vendor's lien.

ADAMS, Judge, delivered the opinion of the court.

This was an action for a balance of purchase money for

the sale of a tract of land in Jackson county, and for the enforcement of a vendor's lien against the land. The evidence was contradictory, but the preponderance of the testimony shows the leading facts to be, that the plaintiff made a verbal sale of the land to one Jesse, who took possession and borrowed some money to pay for the land, and gave his negotiable note for the same which the plaintiff indorsed and had to pay; that Jesse afterwards sold the land to the defendant Summerville, and plaintiff agreed to make Summerville the deed, provided he would pay the balance of the purchase money; and the deed was accordingly made with that understanding. Summerville afterwards sold and conveyed the land to the defendant Lattimore, who purchased with notice of plaintiff's claim.

The question of waiver of the vendor's lien does not apply to this case. As long as the vendor retains the legal title there can be no waiver of the lien for the unpaid purchase money. The title being in himself, he can retain it till he is fully paid, and the taking other or additional security of itself is no waiver of this right. (Adams vs. Cowherd, 30 Mo., 458.) A vendor retaining the legal title is in a very different situation in regard to the land sold, from one who has made an absolute title without reserving in the deed any lien for the unpaid purchase money. Therefore, there can be no question about the retention of the lien so far as Jesse was concerned, and in regard to Summerville, he expressly agreed to pay the balance claimed by plaintiff, and there is no pretense that there was any waiver of the plaintiff's right subsequent to the conveyance to him. As Lattimore took his conveyance with notice, the land in his hands is subject to the plaintiff's lien.

Judgment affirmed. The other judges concur.