SLOAN v. CAMPBELL *et al., Appellants.*

**Vendor's Lien in favor of Vendor's Assignee.** The assignee of a note given for the purchase money of land may enforce a vendor's lien against the land in the hands of the vendee, the same as the vendor himself could.

*Appeal from Cass Circuit Court.*—HON. F. P. WRIGHT, Judge.

AFFIRMED.

*Wooldridge & Daniel* for appellant, cited in argument *Shall v. Biscoe,* 18 Ark. 162; *Simpson v. Montgomery,* 25 Ark. 372; *Hecht v. Spears,* 27 Ark. 229, (11 Am. Rep. 784;) 2 Story's Eq. Jur., (9 Ed.) § 1227, p. 456; *Green v. Demoss,* 10 Humph. 371; *Ahrend v. Odiorne,* 118 Mass. 261; 19 Am. Rep. 449; *Fain v. Inman,* 6 Heisk. (Tenn.) 5; 19 Am. Rep. 577; *Dixon v. Dixon,* 1 Md. Chan. Dec. 220; *Mackreth v. Symmons,* 1 Lead. Cases in Eq. 275; 2 Washburn Real Prop., (3 Ed.) top page 92, § 18; § 3, chap. 18, Title "Mortgage;" *Gann v. Chester,* 5 Yerger 205; *Sheratz v. Nicodemus,* 7 Yerger 9; *Green v. Crockett,* 2 Dev. & Bat. Eq. 390; *Webb v. Robinson,* 14 Ga. 216; *White v. Williams,* 1 Paige 502; *Dickenson v. Chase,* 1 Morris (Iowa) 492; *Briggs v. Hill,* 6 How. (Miss.) 362; *Moreton v. Harrison,* 1 Bland 491; *Hallock v. Smith,* 3 Barb. 267; *Walker v. Williams,* 30 Miss. 165; *Baum v. Grigsby,* 21 Cal. 176; *Wellborn v. Williams,* 9 Ga. 89; *Adams v. Cowherd,* 30 Mo. 458; *Stevens v. Chadwick,* 10 Kas. 406; *s. c.,* 15 Am. Rep. 348; 3 Sugden on Vendors, (6 Am. Ed.) top p. 140.

*Charles W. Sloan* and *R. O. Boggess* for respondent.

NAPTON, J.—The only question presented by the record in this case, is whether the plaintiff, an indorsee of a note made to the vendor of a tract of land for a part of the purchase money of the tract, can enforce his lien upon the land, there having been no transfer of the land by the pur-

chaser. The lien of a vendor of land for his purchase money secured by note, under the circumstances stated, has never been questioned in this State. We have followed the decision in *Mackreth v. Symmons*, 15 Vesey 329, and we have allowed this lien where there has been an absolute conveyance, as well as where there was only a bond for the title, and without regard to the form of the note or obligation. This has been conceded to the legal representatives of the holder of the note, whether heirs or devisees, and the only question in this case is, whether it shall be extended to a purchaser for value. This was done in the case of *Adams v. Cowherd*, 30 Mo. 458, where there was only a bond for title; and, since the rule in regard to this lien, in favor of the original owner of the note, applied as well where there was an absolute conveyance, as where there was only a bond for title, we see no reason why the principle asserted in that case should not be applied to the present. This is positively asserted in *Bailey v. Smook*, 61 Mo. 213, and is obviously conceded in *State National Bank v. Robidoux*, 57 Mo. 446. We are aware that there are decisions of many of our state courts against this conclusion, and very respectable authorities are adverse to the enforcement of such liens under any circumstances, and very nice discriminations have been made in regard to the principle upon which this lien was originally conceded. Some courts call it a trust, and some an equity. But the only question we have to decide, under the decisions of our court is, whether the assignee for value of a note for the purchase money of real estate, occupies a worse position than the heir or devisee of such note. No reason has been suggested why such a discrimination should be made, and we, therefore, simply assume it our duty to follow established precedents here, upon a point where the diversity of opinions in the state courts is irreconcilable. Judgment of the circuit court is, therefore, affirmed. All the judges concur.