HUNT, *Appellant, v.* SELLECK *et al.*

Division Two, December 16, 1893.

1. **Title Bond:** CERTIFIED COPY: SECONDARY EVIDENCE. A certified copy of the record of a title bond is not admissible in evidence where it is not acknowledged so as to be entitled to record and there is no offer to prove its execution.

2. **Ejectment:** LIEN: LEGAL AND EQUITABLE TITLE. Where the assignee of a note for the purchase price of land did not make the vendor a party to the action to enforce the vendor's lien and purchased the land at the sheriff's sale under the judgment therein, ejectment cannot be maintained by him, for lack of legal title, as the sale left the legal title in the vendor and passed only the vendee's equitable title to the purchaser.

3. ——— : ——— : ———.  The vendor could be compelled to convey his legal title to the purchaser at sheriff's sale.

*Appeal from Hannibal Court of Common Pleas.*—Hon. THOS. H. BACON, Judge.

AFFIRMED.

*Harrison & Mahan* for appellant.

(1) Plaintiff was the assignee for the value of a note for the purchase money of the real estate in controversy. The lien of the vendor of the land, to-wit, Wm. A. Hunt, for his purchase money, passed to plaintiff, the legal holder of the note, and she had the right to enforce such lien. *Sloan v. Campbell*, 71 Mo. 388, *Adams v. Cowherd*, 30 Mo. 461; Leading Cases in Equity, 274, 275; Rorer on Judicial Sales, sec. 242, p. 102; *Winston v. Affalter*, 49 Mo. 263. Rorer on Judicial Sales, sec. 244, p. 103; *Blair v. Marsh*, 8 Iowa, 144; *Adams v. Cowherd, supra.* (2) The sheriff's deed under special execution issued on judgment to enforce lien of plaintiff, as assignee of note for purchase price of land, passed the legal title of William A. Hunt to plaintiff and she had a right to maintain ejectment. The court committed error in sustaining a demurrer to the evidence, and in refusing to set aside the nonsuit. *Gaston v. White*, 46 Mo. 488; *Strickland v. Summerville*, 55 Mo. 164; *Adair v. Adair*, 18 Mo. 633; *Melton v. Smith*, 65 Mo. 320; *Evans v. Orahood*, 27 Mo. App. 500; *Winston v. Affalter*, 49 Mo. 265; *Dunham v. Wilfong*, 69 Mo. 358; *Morgan v. Rouse*, 53 Mo. 223. (3) There was no possession of the land in suit adverse to William A. Hunt or plaintiff, because the purchase money remained unpaid under the executory contract, hence upon the record it is plain that limitation is not, and cannot be, involved, and defendants

have no defense to the suit. *Long v. Stock Yards Co.*, 107 Mo. 303; *Mabary v. Dollarhide*, 98 Mo. 198; *Adair v. Adair*, 78 Mo. 630; *Ridgeway v. Holliday*, 59 Mo. 452.

*R. E. Anderson, D. H. Ely* and *J. L. RoBards* for respondents.

(1) The vendor of real estate, in a bond dated April 1, 1871, vested with the legal title was a necessary party to the suit instituted by plaintiff as assignee of the purchase note on the twenty-second day of August, 1889, solely against Johnson, the vendee, to enforce the vendor's lien and enable the purchaser to maintain ejectment against the respondents in possession. *Perry v. Roberts*, 23 Mo. 221; *Leeper v. Lion*, 68 Mo. 216; *Siemers v. Kleeburg*, 56 Mo. 196; *Ross v. Julian*, 70 Mo. 209. Story's Equity Pleadings [7 Ed.], No. 160–172. "That the plaintiff in ejectment must in all cases prove a legal title to the premises in himself, at the time of the demise laid in the declaration, and that evidence of an equitable estate will not be sufficient for a recovery, are principles so elementary and so familiar to the profession, as to render unnecessary the citation of authority in support of them." *Fearn v. Holmes*, 62 U. S. 481, and cited in *Langdon v. Sherwood*, 124 U. S. 74; *Johnson v. Christian*, 128 U. S. 374. (2) The judgment of plaintiff against Johnson, in which neither William A. Hunt the alleged vendor, nor defendants, were parties, was not binding on, nor evidence against, defendants, and ought to have been excluded. *Res inter alias acta.* It was incompetent evidence. *Thrasher v. Greene County*, 105 Mo. 244; *Blevins v. Smith*, 104 Mo. 583; *Graves v. Ewart*, 99 Mo. 13; *Gitchell v. Messmer*, 87 Mo. 131; *McKinney v. Guhman*, 38 Mo. 344; *Boogher v. Frazier*, 99 Mo. 325;

*Powell v. Greenstreet*, 95 Mo. 13; Freeman on Judgments (1873), section 154; *McArthur v. Scott*, 113 U. S. p. 340; Broom's Legal Maxims [5 Am. Ed.], section 857; 1 Greenleaf on Evidence [10 Ed.] section 522. (3) No proof having been made by the plaintiff of the execution and existence of an original bond, the copy of the record of such alleged unacknowledged bond was properly excluded from evidence by the court. *Perry's Adm'rs v. Roberts*, 17 Mo. 36; *Holman v. Bacchus*, 24 Mo. App. 629; *Atwell v. Lynch*, 39 Mo. 519; *Northfleet v. Russell*, 64 Mo. 176; *Hope v. Blair*, 105 Mo. 85; *Pierce v. Georges*, 103 Mo. 540; *Hoskinson v. Adkins*, 77 Mo. 537; "It was neither acknowledged, nor was there proof of its execution." Revised Statutes, 4864 and 4865. (4) The unacknowledged bond affecting real estate was not entitled to be recorded nor was a certified copy of the record of such bond admissible in evidence. *Patterson v. Fagan*, 38 Mo. 70; *Northfleet v. Russell*, 64 Mo. 176; *Hoskinson v. Adkins*, 77 Mo. 537. The respondents do not claim under either William A. Hunt or William Johnson. (5) The instruction given for the defendants by the court was right, and properly stated the law; for the evidence submitted on the part of plaintiff proved the legal title to be outstanding and in a different person than the plaintiff, and not in the plaintiff. Revised Statues, 1889, chap. 59, sec. 4626; *Thompson v. Lyon*, 33 Mo. 219; *Seimers v. Schrader*, 88 Mo. 20; *Bailey v. Winn*, 101 Mo. 649; *Ford v. French*, 72 Mo. 250; *Dunlap v. Henry*, 76 Mo. 106; *Foster v. Evans*, 51 Mo. 39; *Morehouse v. Phelps*, 21 How. 294; *Carpenter v. Montgomery*, 13 Wall. 480; *Duncan v. Able*, 99 Mo. 188; *Large v. Fisher*, 49 Mo. 307. (6) "A vendor of land must enforce his lien within ten years after his cause of action occurs." *Zoll v. Carnahan*, 83 Mo. 35; *Bush v. White*, 85 Mo. 339; *Robinson v. Ware*, 94 Mo. 678.

BURGESS, J.—Ejectment for a city lot in the city of Hannibal. The petition is in the usual form. The answers aver that defendant, Selleck, is the tenant of his codefendant, John L. RoBards, and that RoBards, is the owner of the lot; admitted possession but denied all other allegations in the petition. RoBards in his separate answer pleaded the ten-year statute of limitations, to which plaintiff filed reply denying all new matter in the answer.

At the trial it was admitted that the title was originally in one Ira Stout from whom plaintiff claimed title. Plaintiff read in evidence, without objection, a regular chain of title from Stout to William A. Hunt. The deed to Hunt was dated on the twenty-second day of October, 1869. She next read in evidence a deed from Joisah Hunt and wife to William A. Hunt, dated October 26, 1869, conveying the property in controversy. Plaintiff next offered in evidence a certified copy from the record of a title bond from William A. Hunt to William Johnson for a deed to the lot on the payment of the purchase price of said lot, to which defendant objected, because not the best evidence; and that there was no proof of the execution of the original; and because the bond had not been acknowledged.

Plaintiff then testified in her own behalf as follows: "I am the plaintiff in this case; I do not now have and never did have in my possession, custody or control the original title bond or contract between William A. Hunt and William Johnson dated April 1, 1871." The objections were sustained and plaintiff saved her exceptions.

The plaintiff next read in evidence a deed executed by James T. O'Conner, sheriff, to her for said lot which recited that the lot was sold under

execution in his hands against William Johnson. Plaintiff also read in evidence the pleadings, record and proceedings in the case of Sarah L. Hunt *v.* William Johnson, being suit for the purchase money for said lot and judgment for plaintiff as assignee of the note executed by Johnson to W. A. Hunt.

Plaintiff next read in evidence record entries in the case of Hunt *v.* Johnson, judgment for balance of the purchase money for the lot, which, by its provisions, is made a lien on the lot, and in connection therewith the execution issued thereon under which the lot was sold. She then proved the rental value of the property and rested.

The court then, at the request of defendant, sustained a demurrer to the evidence, and rendered judgment for defendant from which plaintiff appealed.

There are but two questions before this court for consideration: *First.* The action of the trial court in excluding from the jury the certified copy of the title bond from Johnson to William A. Hunt. *Second.* The effect of the judgment in favor of plaintiff against Johnson, the execution and sale thereunder being as claimed by plaintiff for the unpaid purchase money for the lot, whether or not the legal title passed to, and was vested in, her by reason of said sale and purchase by her. We see no error in the ruling of the court in excluding the certified copy of the record of the title bond from W. A. Hunt to Johnson. There was no offer to prove its execution, nor was it acknowledged so as to entitle it to record. *Atwell v. Lynch,* 39 Mo. 519; *Perry's Adm'rs v. Roberts,* 17 Mo. 36. It is only when instruments of writing are properly acknowledged that they are entitled to record. Then, when the absence of the original is properly accounted for, a certified copy from the record of the proper

county may be read in evidence. *Hope v. Blair*, 105 Mo. 85; *Hoskinson v. Adkins*, 77 Mo. 537; *Patterson v. Fagan*, 38 Mo. 70.

While it may be conceeded that W. A. Hunt's lien as vendor, passed to plaintiff as assignee of the note given for the purchase money, as held by this court in the cases of *Sloan v. Campbell*, 71 Mo. 387, and *Adams v. Cowherd*, 30 Mo. 461, yet, as he was not made a party to the suit by plaintiff against Johnson, the vendee, to enforce the lien, and while the equitable title of Johnson passed to the plaintiff by virtue of the sale made under that judgment, the legal title remained in Hunt, and was outstanding in him so far as this record discloses at the time of the trial of this cause.

In the case of *Strickland v. Summerville*, 55 Mo. 164, this doctrine is recognized, and in that case, which was a suit for the purchase money for land and to enforce the vendor's lien, it was held that, the title being in the vendor, he could retain it until he was fully paid. See, also, *Morgan v. Bouse*, 53 Mo. 219.

In the case of *Winston v. Affalter*, 49 Mo. 263, all that was held on the point now under consideration was that when a vendor of land obtains judgment to foreclose his vendor's lien for the unpaid purchase money, and sells the land thereunder, his title passes from him so that he cannot thereafter assert it, nor can those claiming under him. This, of course, rests on the ground of estoppel, that is, that he could not claim at the same time both the land and the purchase money, and that is all that is decided in that case. In so far as Rorer on Judical Sales, sec. 242, seems to announce, a different rule, it is not followed or approved and is not sustained by either reason or authority.

That W. A. Hunt might have been compelled by suit to convey to plaintiff after she acquired the equitable interest of Johnson in the lot at sheriff's sale, there

can be no question, but this had not been done.  In this case the vendor did not have the lot sold under judgment in his favor to enforce his lien as vendor, and it is not a little difficult to see how his legal title passed to the plaintiff as assignee of the note by a simple transfer thereof, or by reason of her purchase under the judgment to enforce the vendor's lien in a suit to which he was not a party.  His legal title could only have been acquired by deed, will, inheritance or decree of court, and as he was not made a party to the suit by plaintiff to enforce the vendor's lien which was necessary in order to acquire the legal title as was held by this court in the case of *Leeper v. Lyon*, 68 Mo. 216, and as plaintiff was only entitled to recover by showing the legal title to be in her, the demurrer to the evidence was properly sustained.  Judgment affirmed.  All of this division concur.