# W. D. MAJORS, Respondent, v. OLIVER H. MAX-WELL et al., Appellants.

### Kansas City Court of Appeals, October 1, 1906.

1. **TRIAL AND APPELLATE PRACTICE: Pleading: Exhibit: Record Proper: Contract: Vendee.** Where the record proper alone is brought before the appellate court, it can take no cognizance of a contract referred to in the pleading although it is made an exhibit and expressly referred to therein, since it is outside the record proper; and there is nothing in the pleading to show that a contract referred to therein imposed no obligation on the vendee to plead, but left it merely optional.

2. **VENDOR AND VENDEE: Equity: Lien: Assignment of Contract.** A vendee in equity is actually seized of the estate and may sell or charge it before conveyance; and an assignment of a contract of sale transfers the equitable estate to the vendee's purchaser; and where the purchaser's check to the vendee is unpaid the endorsee of such check has a lien on the purchaser's interest in the land to secure the payment of the check; and such lien is not waived by taking the purchaser's unsecured note.

3. ————: ————: ————: ————: **Deed.** A vendor's deed to the vendee's purchaser invests the latter with the legal title, burdened, however, with the vendor's lien; and such lien followed it into the hands of the purchaser's grantee.

4. ————: **Personal Judgment: Enforcement: Lien.** At respondent's request a personal judgment against the purchaser is eliminated without any expression of opinion as to the legal necessity therefor.

Appeal from Jackson Circuit Court.—*Hon. Henry L. McCune,* Judge.

AFFIRMED.

*Omar E. Robinson* and *Halbert H. McCluer* for appellant.

(1) The petition does not state facts sufficient to constitute a cause of action for the following reasons: (a) Kerr only having an option, and never having any

Majors v. Maxwell.

interest in the land, his assignment to Maxwell was the sale of a personal right and not a sale of an interest in land, so that a vendor's lien could not arise.  Rease v. Kittle, 49 S. E. 150; Hopwood v. McCausland, 120 Iowa 221; Warvelle on Abstracts (2 Ed.), sec. 125; Railroad v. Land, 82 Miss. 187; Caldwell v. Frazier, 68 Pac. 1076; Gilbert v. Post, 28 Ohio St. 276; Standiford v. Thompson, 135 Fed. 996; Edwards v. West, 7 Chan. Div. 858, 862; Hollman v. Conlon, 143 Mo. 369-380; Lord Rauelagh v. Melton, 2 Dr. & Sm. 278.  (b) The surrendering of the check for the $900, cash and the $900 note would have waived a lien if one had ever existed.  Bankhead v. Owen, 60 Ala. 457; Walker v. Carroll, 65 Ala. 61.  (2) The judgment is invalid on its face.  Riley's Admr. v. McCord's Admr., 24 Mo. 265-268.

*Chas. B. Adams* for respondent.

(1)  The exhibits attached to and filed with the petition constitute no part of the petition and are not part of the record proper.  Curry v. Lackey, 35 Mo. 389-392; Bowling v. McFarland, 38 Mo. 465; Kern v. Ins. Co., 40 Mo. 19-25; Hickory County v. Fugate, 143 Mo. 71-79; State ex rel. v. Crumb, 157 Mo. 545-561; Reed v. Nicholson, 158 Mo. 624-631; Pomeroy v. Fullerton, 113 Mo. 440; Vaughn v. Daniels, 98 Mo. 230; Haarstick v. Shields, 8 Mo. App. 601.  (2)  In the absence of a bill of exceptions setting forth all the evidence, it will be presumed that the decree is predicated upon sufficient evidence, and if no reversible error appears upon the face of the record proper, the decree must be affirmed.  Jordan v. Buschmeyer, 97 Mo. 94; Bank v. McMillan, 85 Mo. App. 142; Schuetz v. Kelsey, 12 Mo. App. 578; Curry v. Bank, 100 Mo. App. 532; Zugg v. Arnold, 75 Mo. App. 68; Roth v. May, 80 Mo. App. 300; Williams v. Stroub, 168 Mo. 346; Clark v. Railroad, 93 Mo. App. 456; Paul v. Threshing Co., 87 Mo. App. 643.  (3)  The petition on its face states a cause of action and fully supports

the decree of a trial court. Kerr v. Day, 14 Pa. St. 112; Delassus v. Poston, 19 Mo. 429; Bledsoe v. James, 30 Mo. 448; Johnson v. Burks, 103 Mo. App. 221; Pratt v. Clark, 57 Mo. 189; Jones v. Rush, 156 Mo. 364; Adams v. Cowherd, 30 Mo. 458; Sloan v. Campbell, 71 Mo. 387; State Bank v. Robidoux, 57 Mo. 446. (4) Waiver was not pleaded, and was not available as a defense at the trial. It cannot therefore be considered on this appeal. State ex rel. v. Peterson, 142 Mo. 534. (5) The deficiency clause against Maxwell was inadvertently added to the decree and may be eliminated without affecting the validity of the decree as to the vendor's lien. State ex rel. v. Evans, 175 Mo. 325; Sween v. Railroad, 85 Mo. App. 87; McLean v. Kansas City, 81 Mo. App. 78.

JOHNSON, J.—Action to foreclose a vendor's lien. The suit was brought against Oliver H. Maxwell and the Fidelity Trust Company as defendants. The answer filed by the trust company disclosed the fact that Granville M. Cole and Charles D. Carlisle owned an interest in the land sought to be subjected to the lien and they were made parties to the suit, entered appearance and filed answers.

In the decree rendered, plaintiff was given a personal judgment against defendant Maxwell in the sum of $932.25; the amount was adjudged to be a lien on Maxwell's interest in the land and an order was made foreclosing the lien. The decree was in favor of the remaining defendants, and Maxwell alone appealed. The case is before us on the record proper.

In substance it is alleged in the petition that on the 20th day of April, 1904, William F. Smith being the owner of the land described which is situated in Jackson county, agreed in writing with John A. Kerr to sell and convey said land to Kerr for a consideration expressed in the contract. Afterwards in October of that year Kerr sold and assigned this contract to Maxwell

who agreed to pay therefor the sum of $2,250. Immediately following this assignment of the contract, Smith conveyed the land described therein to Maxwell by warranty deed. In payment of the consideration of $2,250, for the assignment of the contract, Maxwell gave Kerr $450 in money and his check for the remaining $1,800, which Kerr sold and assigned to plaintiff. The check was not honored but Maxwell paid plaintiff $900 thereon in cash and executed and delivered to plaintiff his promissory note for $900, dated October 12, 1904, and due in ten days. On October 21st Maxwell executed and delivered a warranty deed to the Fidelity Trust Company conveying the whole of the land, but it is averred the conveyance was "without consideration and with the knowledge on the part of said trust company that Maxwell had not paid the balance of said purchase money." The contract between Smith and Kerr and the note from Kerr to plaintiff, were attached to the petition as exhibits.

In the answer of the trust company it is admitted that Maxwell deeded the land to that company, but it is averred that at the time the company loaned Maxwell $6,700, which was applied in part payment of the purchase price, and the deed though in form a warranty deed was in fact intended to be a deed of trust securing the repayment of the loan and was accepted by the Trust Company without knowledge of the fact that Maxwell was indebted to plaintiff for any part of the purchase money. Further, it is alleged that at the time of this transaction the defendant trust company, at the request of Maxwell, Cole and Carlisle, executed and delivered a trust certificate certifying that the company held the title to said property in trust for said Cole and Carlisle and would on demand of Cole, and reimbursement of all amounts due to it, convey said property or any part thereof to such person or persons as might be designated by Cole.

The court found in the decree that Cole and Carlisle, with respect to the interests held by them in the land, were innocent purchasers for value without notice of the existence of plaintiff's lien; that the Fidelity Trust Company held the legal title to all the land in trust for the following purposes: first, as security for the repayment of the amount then due on its loan to Maxwell ($4,033.34), which the court held to be a first lien on the land; and, second, in trust for the use and benefit of Maxwell, Cole and Carlisle. Maxwell's undivided interest was found to be fifteen one hundred and eighty-eighths of the whole and against this interest alone plaintiff's lien was foreclosed.

Appellants' chief contention for a reversal of the judgment cannot be entertained for the reason that it is predicated upon a construction of the contract between Smith and Kerr and that contract is not in the record proper and cannot be considered by us since appellant has chosen to present his appeal on the record proper alone. True, the contract was filed with the petition as an exhibit and as such appears in the abstract of record, but an exhibit filed with a pleading, though expressly referred to therein, is no part of the pleading. Being outside the record proper the contract must be ignored. [Vaughan v. Daniels, 98 Mo. 230; Pomeroy v. Fullerton, 113 Mo. 440; Hickory County v. Fugate, 143 Mo. 71; State ex rel. v. Crumb, 157 Mo. 545; Reed v. Nicholson, 158 Mo. 624.]

There is nothing in the pleadings, and certainly nothing in the findings of the court, to force the conclusion indulged by appellant that the contract of sale made by Smith to Kerr imposed no obligation on the vendee to buy, but left it optional with him to complete the purchase within a stated time, and therefore did not operate as a conveyance of any interest in the land and could not serve to create a vendor's lien. In the absence from the record of the evidence from which

the findings of the court were drawn, every reasonable inference in favor of the correctness of the findings and decree must be indulged; and if, as appellant appears to think, the validity of the decree depends on the classification of the contract between Smith and Kerr, we must assume, nothing to the contrary appearing in the pleadings and decree, that the contract imposed an unconditional obligation on the vendee to complete the purchase of the land. On this hypothesis the contract of sale invested Kerr, the vendee, with an equitable interest in the land.

Equity looks upon things agreed to be done as actually performed, and when parties have bound themselves by agreement to convey land and to pay for it, the vendor is considered as a trustee for the vendee of the estate sold, and the vendee as a trustee for the purchase money for the vendor. The vendee in equity is actually seized of the estate and may sell or charge it before it is conveyed to him. [Block v. Morrison, 112 Mo. 343; Jones v. Howard, 142 Mo. 117; Kerr v. Day, 14 Pa. St. 112.] The assignment of the contract by Kerr to Maxwell operated as a transfer of the equitable estate owned by Kerr, and the purchase money which Maxwell bound himself to pay consisted of the consideration Kerr agreed to pay Smith for the land, plus the sum of $2,250, Maxwell agreed to pay Kerr for an assignment of the contract. As between Kerr and Maxwell, the former was entitled to a vendor's lien on the equitable estate conveyed by the assignment to secure the payment of the unpaid remainder of the consideration Maxwell agreed to give for the assignment. "The lien for the unpaid purchase money of real estate is recognized to the same extent in case of a sale of an equitable title as of a legal one." [Bledsoe v. Games, 30 Mo. 448.]

As a lien existed in favor of Kerr for the amount of the check he received from Maxwell in part payment of the purchase money, the assignment of that check to

plaintiff for value, did not destroy the lien but carried it over to the assignee as an auxiliary to the debt. [Adams v. Cowherd, 30 Mo. 458; Sloan v. Campbell, 71 Mo. 387; Bank v. Robidoux, 57 Mo. 446.] And the acceptance by plaintiff of Maxwell's unsecured note for $900, given in part payment of the amount due on the check, was without effect on the lien. "The vendor does not waive his lien by taking the unsecured note or bond of the vendee to evidence the deferred payment." [Eubank v. Finnell, 118 Mo. App. 535, 94 S. W. 591; Delassus v. Poston, 19 Mo. 425; Linville v. Savage, 58 Mo. 248; Emison v. Whittlesey, 55 Mo. 254; Winn v. Investment Company, 125 Mo. 528.]

The equitable interest in the land owned by Maxwell expanded into the full legal title by the delivery to him of the warranty deed executed by Smith, but the estate thus acquired was burdened with plaintiff's lien; and when Maxwell in turn conveyed the legal title to the trust company, the lien still continued at least against the equitable interest reserved by him. Since plaintiff has not appealed but is content with the foreclosure of his lien against Maxwell's interest alone, it is not necessary to consider whether the decree should have so restricted his lien. No error was committed in foreclosing the lien against the interest of Maxwell.

It is contended by appellant and admitted by respondent that error was committed in rendering a personal judgment against appellant for the amount of the debt, and respondent asks that the decree be modified to eliminate that judgment. Without expressing any opinion on the question involved in this admission, we perceive no reason for denying respondent's request. [Sweem v. Railroad, 85 Mo. App. 87; State ex rel. v. Evans, 176 Mo. l. c. 325.]

Accordingly, the judgment is affirmed as to the lien only. All concur.