H. A. RICKARD, Appellant, v. ESTHER DORSEY et al., Respondents.

In the Springfield Court of Appeals, July 2, 1924.

1. **BILLS AND NOTES: Plea of Payment Casts Burden on Defendant.** In suit for unpaid balance on a note, plea of payment by defendant casts burden on her to show that note was paid.

2. **VENDOR AND PURCHASER: Persons to Whom Assignee of Bond for Deed Conveyed for Love and Affection Took Subject to Vendor's Lien which Existed in Favor of Plaintiff's Assignor.** Defendants, to whom assignee of bond for deed conveyed for consideration of love and affection, were not innocent purchasers for value, and took property subject to vendor's lien which existed in favor of plaintiff assignor.

Appeal from the Circuit Court of New Madrid County. —*Hon. Henry C. Riley,* Judge.

REVERSED AND REMANDED (*with directions*).

R. F. *Baynes* and *Ward, Reeves & Oliver* for appellant.

(1) It is admitted by the evidence that the only consideration for the deed from Esther Dorsey to her children (co-defendants with her) was "love and affection" as expressed in the deed. Her children were therefore not innocent purchasers for value, and the property is held by them subject to the vendor's lien. Barnhart v. Little, 185 S. W. 1. c. 177. (2) Plaintiff did not have legal title to the property at the time he bargained it to Esther Dorsey, but had a contract and bond for deed from one Zimmerman, the owner and this contract and bond were assigned and sold by plaintiff to the Dorseys, who afterwards received a deed from Zimmerman. The note sued on was signed by the Dorseys and made payable to the order of plaintiff. It is admitted by the evidence and shown on the face of the note that it represented the balance of the purchase price of the land. Under these facts there can be no doubt but that plaintiff can maintain this action to enforce a vendor's lien. Sturdivant Bank v. Houck, 215 S. W. 758; Majors v. Maxwell, 120 Mo. App. 281; Sloan v. Campbell, 71 Mo. 387; Dickson v. Fisher, 137 Mo. 342. (3) The burden was on defendants to establish their plea of payment and there was no evidence in the case to show that the note had been paid in full and the finding of the court on this point is not supported by any evidence in the case. Radke v. Radke, 221 S. W. 739; Jennings v. Roberts, 130 Mo. App. 493; Kemble et al. v. Logan, 79 Mo. App. 253; Barrett v. Kern, 141 Mo. App. 5; Publishing Co. v. Corbett, 165 Mo. App. 7. (4) A note in the hands of a payee is presumptively a subsisting obligation. The plaintiff was possessed of the note sued upon and the same is presumed to have been a subsisting obligation until the contrary is shown by substantial testimony. Bush v. Brandecker, 123 Mo.

App. 474-75. (5) This is a suit in equity to establish a vendor's lien, and this suit must therefore be determined in accordance with rules and procedure applicable to equity cases. Dickason v. Fisher, 137 Mo. 342; Powell v. Hunter, 204 Mo. l. c. 405. (6) This being a suit in equity to establish a vendor's lien, it is the duty of the appellate court to weigh the evidence and to come to its own conclusion respecting same. In re First National Bank of Adrian, 207 Mo. App. 207; Guthrey v. Bell, 206 Mo. App. 570; McKinney v. Hawkins, 215 S. W. 250; Dauct v. Steiert, 205 S. W. 222.

No brief filed for respondent.

FARRINGTON, J.—This suit was begun by plaintiff against the defendant Esther Dorsey for an unpaid balance on a note executed May 31, 1919, by Wm. Dorsey and Esther Dorsey, payable to the plaintiff. The note shows that it was given in the sum of $350 for a balance due on the purchase price of a house and lot in Gideon, Missouri. The petition asks for judgment for $275 and prays that a vendor's lien be declared against the following real estate: Lot No. 7, Block No. 1, Gideon, New Madrid County, Missouri. All the defendants except Esther Dorsey were joined in the petition because of a voluntary conveyance made by her to them bearing as consideration love and affection. Wm. Dorsey died after a deed to the property was made to himself and Esther Dorsey as husband and wife, leaving such title as the conveyance to them carried absolute in her.

The only defense which was made to the suit was that the note had been fully paid, and the trial court entered a judgment for the defendants stating in the decree that he found that the note had been fully paid. It is from that judgment the appeal is taken and, as stated before, the whole controversy is over whether the evidence can sustain the finding which was made that the note had been paid.

216 M. A.—20

The facts of the case show that on May 31, 1919, the plaintiff was the owner of a bond for a deed which had been given by A. R. Zimmerman to one Cunningham, Cunningham having assigned it to the plaintiff, and on May 31, 1919, the plaintiff sold the contract or bond for a deed to Wm. Dorsey and Esther Dorsey for a consideration of $550. We say this is the consideration for the purchase of the property because the only competent evidence in the record as to what the purchase price was fixes it at that amount. The evidence shows that on October 31, 1919, the date the note was executed, a receipt was signed by the plaintiff to Dorsey for $200, and it is also apparent from the evidence that Zimmerman received $200 from the Dorseys before he executed a deed to them, which he did the November following. There is evidence that the Dorseys paid $400 in this deal for the purchase price of this lot, and in addition to this the note shows a credit of $75, and there is testimony that there were three $25 payments made, which would make a total of payments, as shown by receipts and endorsements on the note, of $475. The record is very confusing and the testimony meager on the transactions between the parties because of the death of Dorsey and as a consequence the incompetency of plaintiff to testify. We do, however, arrive at the amount to be paid for this lot from testimony of Zimmerman, who says that on May 31, 1919, there was a $200 balance coming to him before he was required to make the deed, and he testified this amount was paid to him on November —— when he did make the deed. The admission of plaintiff in his pleading and the receipt given by him for $200 on May 31, 1919, and the note stating on its face that it was a balance due for the purchase price given by Dorsey and his wife makes it practically certain that the full purchase price was $550.

The plea of payment made by defendant cast the burden on her to show that the note was paid (Radke v. Radke, 221 S. W. 739), and giving her the benefit of all

Rickard v. Dorsey.

the payments shown under the evidence there could not have been more than $475 paid, which left a balance of $75 due on the principal of the note.

The vendees of Esther Dorsey were not innocent purchasers for value, and must take the property subject to the vendor's lien which existed in plaintiff's favor. [See Barnhart v. Little, 185 S. W. 174; Adams v. Coward, 30 Mo. 458; Ficklin v. Stephenson, 33 Mo. 341.]

Under the facts of this case the plaintiff was clearly entitled to a vendor's lien as against the defendants to this action for any unpaid balance due on the note sued upon. [Majors v. Maxwell, 120 Mo. App. 281, 96 S. W. 731; Sturdivant Bank v. Houck, 215 S. W. (Mo. App.) 758.]

We find, therefore, that there has been paid on the note originally $350, the sum of $275, and that there is still due plaintiff the sum of $75 on the principal and eight per cent interest on the amount of the note, less the credits, amounting to $275. The judgment will, therefore, be reversed and the cause remanded with directions to the trial court to enter a judgment for the unpaid balance of $75 due on the principal of this note, and the interest due on the note will be computed by allowing the credits amounting to $275; together with such reasonable attorneys' fee as to the trial court may seem just and proper. The judgment to be declared a lien on the property described in the petition for the unpaid purchase price. *Cox, P. J.,* and *Bradley, J.,* concur.