KINGMAN & COMPANY v. SIEVERS, *Appellant.*

Division One, April 1, 1898. *

1. **Ejectment**: LEGAL TITLE, NOT EQUITABLE.   Plaintiff can recover in ejectment only on the strength of his legal title.   The fact that he has a superior equitable title to defendant will not authorize a recovery.   The action of ejectment is grounded on a legal right to immediate possession, and that right is grounded on the legal title.

NOTE.—Decided March 8, 1898, and rehearing denied April 1, 1898.

2. ———: ———: CASE STATED. Defendant, being the owner of forty acres of land on which there was a deed of trust for $1,200, sold it to Nichols, who was at the time indebted to plaintiff, and against whom plaintiff recovered judgment in the circuit court. The deed, a general warranty, was made to the wife of Nichols, and put of record before plaintiff's judgment. Afterward defendant bought the land at the trustee's sale and went into possession, but before this sale the sheriff had levied on the land under plaintiff's judgment and sold it to plaintiff, who brought suit in ejectment against defendant alone on the ground that the deed to the wife of Nichols was fraudulent as to creditors and void. *Held*, that in an action in ejectment the legal title could not be vested out of Mrs. Nichols and vested in plaintiff, but that this could be done only by showing its equitable right, and hence it could not recover herein.

*Appeal from Audrain Circuit Court.*—HON. E. M. HUGHES, Judge.

REVERSED.

*O. Guitar* and *W. W. Fry* for appellant.

(1) An action of ejectment is purely an action at law, and plaintiff must recover on the strength of his own title. It is not sufficient for plaintiff to show an equitable title; it is essential that he show the legal title to be in him. *Hunt v. Selleck*, 118 Mo. 588; *Hart v. Steedman*, 98 Mo. 452; *Harwood v. Tracy*, 118 Mo. 631; *West v. Bretelle*, 115 Mo. 653. (2) In an action of ejectment, when the title and right of possession are expressly denied in the answer, an instruction assuming that plaintiff was the owner of the land and entitled to possession is erroneous. *Wilkerson v. Eilers*, 114 Mo. 245; *Mather v. Walsh*, 107 Mo. 132. (3) The case was tried on the erroneous theory that plaintiff had paper title, and the court's instruction given to that effect is erroneous. *Kelley v. Kurz*, 118 Mo. 414. (4) A sheriff's deed passes only any existing title, not after-acquired title. *White v. Davis*, 50 Mo. 333. It is also taken subject to existing equities. *Merrett v.*

*Poulter*, 96 Mo. 237.   (5)   Under our statute of uses
and trusts, Revised Statutes, section 8835, when a
grantor conveys in fee absolute and shall not at the
time have legal title but shall afterward acquire it, such
title will then pass to the grantee.   Under this statute
plaintiff claims the title defendant acquired by deed,
under trustee's sale, passed to the grantee in his war-
ranty deed.   That is true, but the grantee being
Nannie N. Nichols, plaintiff under its deed under execu-
tion against S. P. Nichols acquired no part of its title
through defendant's warranty deed.   The covenants
in this deed were with Nannie N. Nichols and plaintiff
is not a subsequent grantee, and therefore the cove-
nants do not inure to plaintiff.   *Allen v. Kennedy*, 91
Mo. 324; *Adkins v. Tomlinson*, 121 Mo. 487.

*C. B. Sebastian* and *George Robertson* for re-
spondent.

(1)   The contention that plaintiff did not have
such a title to the lands in controversy as would enable
it to maintain the action is not well taken.   The undis-
puted evidence is that S. P. Nichols obtained the land
in controversy from the defendant for a valuable con-
sideration, that defendant accepted the consideration
and executed a warranty deed to the land in contro-
versy to Nichols' wife, and put Nichols in possession
and that Nichols remained in possession for a year.
That plaintiff attached the land while Nichols was in
possession of it, and had it sold under its judgment
against Nichols, and received a sheriff's deed therefor.
That defendant afterward entered upon and took pos-
session of the land without color of right or authority.
Under these facts the plaintiff can maintain its action
in ejectment.   *Slattery v. Jones*, 96 Mo. 216; *Potter v.
Adams*, 125 Mo. 118; *Garrett v. Wagner*, 125 Mo. 450;

*Evans v. Kunze,* 128 Mo. 670; *White v. Keller,* 114 Mo. 479; *Bains v. Bullock,* 129 Mo. 117. (2) When defendant had the land in controversy sold by Mrs. Gray and bought it in and received a trustee's deed therefor, his after-acquired title inured to the benefit of plaintiff. R. S. 1889, sec. 8835; *Ivy v. Yancey,* 129 Mo. 501; *Fordyce v. Rapp,* 131 Mo. 354. (3) There was no sufficient evidence showing that S. P. Nichols had ever received any money from his wife. *Garnett v. Wagner,* 125 Mo. 450.

ROBINSON, J.—This is a statutory action of ejectment for the recovery of forty acres of land in Audrain county. The answer is a general denial. After a trial judgment was rendered in favor of plaintiff for an undivided three fourths of the land, and both plaintiff and defendant have prosecuted appeals to this court.

The testimony in this case for plaintiff shows that one S. P. Nichols owned a house and lot in the town of Centralia worth some $400 or $500, in which he and his wife had been living for the past several years prior to October, 1891. That prior to that date he had become indebted to the plaintiff herein for $700 or $800 on sundry accounts for farming implements sold by plaintiff to him as a retail dealer in such articles. That during that time the defendant owned and occupied a farm near Centralia of one hundred and sixty acres, and also a detached forty acres, which is the land now in controversy. On the twelfth of October, 1891, the defendant sold this forty acres to S. P. Nichols and at the request of said Nichols conveyed the same to Nannie N. Nichols his wife by general warranty deed and accepted a deed from said Nichols and wife to the house and lot in Centralia, claimed by them as a homestead, and upon which for a number of years they had been residing, as part payment for the forty acres, at

the agreed price of $400, and for the remainder of the purchase price Nichols and wife assumed and agreed to pay $1,200 on a deed of trust for that amount which the defendant had previously placed upon this land and his home farm of one hundred and sixty acres before named. This last was a verbal agreement between defendant and Nichols and wife. No mention of it was made in the deed from the defendant to Nannie N. Nichols. On November 29, 1891, plaintiff obtained a judgment against said S. P. Nichols on one of its accounts for $244, before a justice of the peace of that county and caused a transcript thereof to be filed with the clerk of the circuit court of Audrain county on which in time an execution was issued and the land in controversy was levied upon and sold as the property of said S. P. Nichols and the plaintiff on the tenth day of June, 1892, at said sale, became the purchaser thereof. Plaintiff read in evidence a warranty deed from Anton Sievers and others to Louis Sievers, the defendant herein, dated January 27, 1883, and filed for record November 3, 1883, conveying the land in suit; then the warranty deed from said defendant Louis Sievers to Nannie N. Nichols of date October 12, 1891, duly recorded on same day, conveying said land; next the sheriff's deed of date June 10, 1892, above mentioned, conveying all the right, title, and interest of S. P. Nichols in and to this land to the plaintiff herein. Testimony was then offered tending to show that S. P. Nichols had turned over to the defendant, after they had traded places, several hundred dollars worth of stock to be applied on the balance due from Nichols and wife to defendant on their assumption. Testimony was then offered tending to show that S. P. Nichols in the Spring of 1892 left Centralia and moved to Kansas or Colorado; that an attachment suit was afterward begun against him as a non-resident and sustained, in which the land in suit was

levied upon as the only remaining property of said Nichols in this State. The defendant then offered testimony tending to show that Nichols and wife had paid no part of the unpaid balance of $1,200, which they had assumed to pay for him on the deed of trust that he had previously made on this and other lands belonging to him, and that as a consequence the land in suit was advertised and sold under the deed of trust by the trustee therein named and at said sale on July 11, 1892, he became the purchaser and shortly thereafter took possession of said land and has remained in the possession thereof up to the time of the trial of this cause.

Many questions have been raised and discussed in the briefs filed herein as to the correctness of rulings of the trial court in the matter of receiving and rejecting testimony that was offered, of instructions given and refused; and as to the effect of defendant's warranty deed to Nannie N. Nichols, covenanting against incumbrances on his after-acquired title to the land as purchaser, at the trustee's sale under the twelve hundred dollar incumbrance that had been created prior to the making of said deed, all of which questions, in the view we take of the case, are unimportant and unnecessary of discussion here.

The defendant was in possession of the land in controversy at the institution of plaintiff's suit according to the allegations of its petition as well as by its showing of facts, and plaintiff had never been in the possession of the land nor did it show itself to have ever been the holder of the legal title to the land such as would draw to it the right to the possession thereof. Plaintiff merely sought to show that it had, at an execution sale, become the purchaser of the S. P. Nichols interest in the land while the legal title thereof was outstanding in his wife, Nannie N. Nichols.

If, as contended by plaintiff that the said S. P.

Nichols did trade for and buy the land in suit from the defendant, and did cause a deed thereto to be made to his wife, and that by reason of the character of the deed so made by defendant, his after-acquired title at the trustee's sale did inure to the benefit of the grantee in said deed, still the interest of said S. P. Nichols in and to the land was only one in equity with the right to have the legal title invested in him on proper proceedings to that end by some interested creditor who would be defrauded, if the legal title was suffered to remain where the defendant had placed it at the request of said S. P. Nichols.

While in the action of ejectment the legal title to real estate is not always determined, the action by the express language of the statute can only be maintained by those who are "legally entitled to the possession thereof," in contradistinction to those holding an equitable claim or right thereto, that may on proper proceedings to that end be made legal so as to authorize an after action of ejectment for possession for such real estate. It is the legal title only that is recognized as the ground of action, and the plaintiff must recover in ejectment, if at all, on the strength of that title, and not on the weakness of that of defendant, or that it has a superior equity to him. Plaintiff's interest in the land in suit, if it be conceded that S. P. Nichols paid to defendant the entire consideration therefor, was still equitable and not legal.

Neither plaintiff nor S. P. Nichols had ever received a legal conveyance to the land from defendant, as the original owner thereof, nor had there ever been transferred to them, or either of them, the legal title to the premises. The deed made by defendant to Mrs. Nannie N. Nichols was not necessarily void, because the consideration thereof was paid by S. P. Nichols to defendant. The legal title to the land therein named

passed by it to Nannie N. Nichols and the plaintiff herein can assert the same in itself, only by showing its equitable right, as against her as grantee, in a proceeding where legal title can be divested out of one and invested in another according to the rules and principles of equity, which is not permissible in this strictly law action of ejectment. If the deed to Nannie N. Nichols should be considered void, in this action, as made in fraud of the right of plaintiffs as a creditor of S. P. Nichols, then the title to the land would be left in defendant, with the right in plaintiff as the purchaser of the equitable interest of S. P. Nichols to have the title to the land vested in it, but not the right to the immediate possession thereof, which must be grounded upon the legal title.

The doctrine announced in the authorities cited by the respondent herein, to sustain the action of the trial court to the effect "that a deed made in fraud of creditors may be defeated in an action of ejectment by proof of its fraudulent character, by a purchaser at sheriff's sale," has no application here, and does not militate against the position asserted by the appellant, that, as the plaintiff is shown never to have been possessed of the legal title to the land in suit, it can not maintain this its action of ejectment. In all the cases cited where the fraudulent deed that has been interposed to defeat the claim of the purchaser at execution sale in his suit by ejectment for the land purchased, has been ignored by the court, the deed by reason of its fraudulent character has been treated as if never made, and as void from the beginning, thus leaving the title with the fraudulent deed ignored, in the execution defendant, to be passed by the sheriff's deed at execution sale to the purchaser. But here the defendant was invested with the legal title to the land in controversy up to October 12, 1891, when he conveyed it

by warranty deed to Nannie N. Nichols and that title has never passed to any one if the deed to Nannie N. Nichols be ignored by the court.   The defendant here had no creditors who were or could be defeated by his deed to Nannie N. Nichols, that would authorize the court for that consideration to treat and consider the deed as if never made.   If by any process of reasoning the deed made by defendant to Nannie N. Nichols be held as fraudulent and treated thereby as if never made (as in the cases cited by respondent), then the legal title to the land would be left in the defendant, and would not pass under the sheriff's sale of the S. P. Nichols interest therein, however great might have been his equities resulting from the payment by him of the entire contract price of the land to the defendant.   No legal estate in the land in suit was invested in S. P. Nichols by reason of his trade and negotiations with the defendant in October, 1891, and as a consequence no legal estate passed to the plaintiff as the purchaser of that interest at execution sale, so as to authorize this action of ejectment.

On plaintiff's own showing an outstanding title to the land in suit is found in a party other than itself, however the deed from defendant to Nannie N. Nichols may be considered.   The judgment of the trial court is reversed.   BRACE, P. J., and WILLIAMS, J., concur.