v. Whiting, 3 Sumner's Rep. 475; Nalle v. Parks, this volume, page 616) he can not maintain this action upon a title which is merely equitable. Nor would such a proceeding affect O'Bannon unless he be made a party thereto and it be shown that he had notice of plaintiff's equity at the time he purchased the land from Cahoon.

---

## NALLE, Appellant, v. PARKS et al.

### Division Two, March 31, 1903.

1. **Cotenancy: PURCHASE BY ONE OF OUTSTANDING TITLE.** When land is conveyed to two or more persons by the same deed they are tenants in common, and occupy such a relation to each other that one will not be permitted to buy up an outstanding title for his exclusive benefit, but his purchase will inure to all such cotenants as elect, within a reasonable time, to contribute their just proportion of the amount necessarily expended in the acquisition of the title or incumbrance. But such election to participate must be made within a reasonable time, and it must be attended with a contribution or an offer to contribute.

2. ————: ————: REFUSAL TO PARTICIPATE. Two persons bought the interest of a widow who had elected to take one-half her childless husband's lands subject to his debts, and afterwards one of them bought the lands at a foreclosure sale under two deeds of trust made

by both husband and wife, and for years the other did not offer to contribute his share of such purchase, but now brings suit in ejectment against the grantee of such purchaser. *Held*, that he must be held to have repudiated his right to participate.

3. ———: ———: EQUITABLE TITLE: EJECTMENT. If the two cotenants owned only an equitable title, and one of them, by purchasing at a foreclosure sale, acquired the legal title, the other can not by ejectment assert his right to an interest in the land, but can do so only in an equitable action.

4. **Ejectment**: SUIT FOR PURCHASE MONEY: ESTOPPEL. One cotenant who sues another and receives from him his share of the purchase price obtained by the other who bought up the outstanding legal title and conveyed it to the defendant, is thereby estopped from claiming in ejectment that the deed under which such defendant claims is void, for he by accepting such purchase money, and by suing therefor, ratified and confirmed the sale by his cotenant to defendant.

Appeal from Madison Circuit Court.—*Hon. Frank R. Dearing,* Judge.

AFFIRMED.

*William N. Nalle, pro se,* with *Anthony & Tesereau.*

(1) The relations between cotenants, as owners of the fee in lands are those of trust and confidence, and are in no sense antagonistic. Jones v. Stanton, 11 Mo. 433. (2) The removal of any incumbrance, be it of whatever nature or kind, enures to the benefit of all, and the possession of one is the possession of all the cotenants. (3) Contribution is the only remedy as between the tenant, who releases the title and land from the incumbrance, and the cotenant, and this remedy he may, or may not, assert. If he asserts it, he may be subrogated to the rights of his cotenant refusing to contribute his part, on demand. This demand and refusal must concur before any right of action arises. Jones v. Stanton, supra. (4) Estoppel *in pais* and of record, must be certain in intent, in common, in general, and in every particular,

particularly as to the facts and resultant injury, and must be mutual. Lajoy v. Primm, 3 Mo. 529: Hemstead v. Easton, 33 Mo. 142; Sutton v. Dameron, 100 Mo. 141. (5) Respondents had full notice of appellant's title and estate in and to the property in controversy, for their grantor's title was, in a direct chain, derived from the common source and chain of title as that of appellant. Chouquette v. Barada, 28 Mo. 491; Speck v. Riggin, 40 Mo. 405; Muldrow v. Robinson, 58 Mo. 331; Meir v. Blum, 80 Mo. 179; Tidings v. Pitcher, 82 Mo. 103; Patterson v. Booth, 103 Mo. 402; Knox Co. v. Brown, 103 Mo. 103; Taaffe v. Kelley, 110 Mo. 127; Lowring v. Groomer, 110 Mo. 632; Poage v. Railroad, 24 Mo. App. 199; Bartlett v. Glascock, 4 Mo. 62; Rhodes v. Outcalt, 48 Mo. 367; Martin v. Jones, 72 Mo. 23; Davis v. Brisco, 81 Mo. 27; Fleckenstein v. Baxter, 114 Mo. 493.

*Jos. J. Russell, Moses Whybark* and *B. B. Cahoon* for respondents.

(1) This appeal is an attempt to recover in ejectment real estate, when in another action the appellant by seeking to recover the proceeds of its sale to Parks and wife and O'Bannon and the net rents from it, ratified the sales and deeds by Cahoon to Parks and wife and O'Bannon. In short, he, in the case of Nalle v. Cahoon, litigates his alleged money share in the land, and obtains a judgment in that suit, which is fully satisfied June 27, 1899, after he takes this appeal. This appeal under the facts disclosed is inequitable. Egan v. Mart, 71 Mo. App. 60. (2) Such other pending suit of Nalle v. Cahoon and said claim therein is shown in the record in this case in this court. The judgment rendered June 21, 1899, and the satisfaction thereof June 27, 1899, in Nalle v. Cahoon after the judgment in this case was rendered on June 20, 1899, can and should be considered by this court, and it is properly brought to the attention of this court for such

consideration by respondent's motion and petition filed herein. Davis v. Packard, 6 Wend. (N. Y.) 327; State v. Caham, 18 L. R. A. 838; Dow v. Harper, 6 Ohio 27; Ex parte Toney, 11 Mo. 661; Powell v. Gott, 13 Mo. 461; Ex parte Truman, 44 Mo. 185; Weill v. Simmons, 66 Mo. 617; Ex parte Gray, 77 Mo. 161; Walker v. Deaver, 79 Mo. 674; 2 Tidd's Practice, 1191-2; Green & Myers' Practice, 433. (3) The attempt of appellant in the court below, as in this court, is, in this ejectment to seek to recover land principally on alleged equities between him and Cahoon, of which Parks and wife, the present owners of this twenty-two acres of land, have no concern, and of which they had no notice. In the absence of such notice, it was and is of no concern to Parks and wife what were the business transactions between Nalle and Cahoon. (4) Appellant in a plain ejectment is seeking to recover land against innocent grantees whose strict paper title is unquestionable. Even if it were not so, the extent of the issues in Nalle v. Cahoon and the obtaining and satisfaction of that judgment for $21.50 by Nalle, would preclude a recovery by appellant, for in that suit Nalle sues for his alleged share in all the land sold and conveyed by Cahoon to Parks and wife and to O'Bannon, as well as his alleged share in all rents from the same. Kingman v. Devies, 143 Mo. 519; Clay v. Mays, 144 Mo. 376; Finley v. Babb, 144 Mo. 403. To recover therein appellant must show a clear legal title to the land and a present right of possession, which he failed to do. Equitable claims are not sufficient on which to base ejectment. Hall v. Gregg, 138 Mo. 286; Hunt v. Sellect, 118 Mo. 538; Williams v. Carpenter, 135 Mo. 32; Waples on Homestead, p. 545. That election and the administrator's deed to Cahoon would have destroyed all dower and homestead claim had there ever been any, but there was none. (5) Even the outstanding deed of trust of Mary J. Gray, of August 21, 1890, to Hiram Berry, Jr., trustee, to secure the $250 note to

Nalle, which he admits he sold, and no longer owns, though he claims he, as attorney, holds it for its owner to break for him (Nalle), if possible, the force of it being an outstanding title, was itself sufficient to defeat appellant's ejectment against Parks and wife, inasmuch as they are, so far as concerns this ejectment, the only substantial defendants·in this case. Sell v. McAnaw, 138 Mo. 267; Baker v. Nall, 59 Mo. 265; Gurno v. Jains, 6 Mo. 330; Siemers v. Schrader, 88 Mo. 20; Bailey v. Winn, 101 Mo. 649; Eversole v. Rankin, 102 Mo. 488; Thompson v. Lyon, 33 Mo. 219; Norcum v. D'Oench, 17 Mo. 78. (6) The purchases by Cahoon of all the Gray land and his open record of all his three deeds thereto in 1891 and 1892 and his subsequent possession, followed as it has been by like adverse possession by Parks and wife, destroyed any alleged tenancy between Nalle and Cahoon. Snell v. Harrison, 104 Mo. 158; Aubuchon v. Aubuchon, 133 Mo. 216; Smith v. Washington, 88 Mo. 475.

BURGESS, J.—This is an action of ejectment for the possession of twenty-one acres of land in Madison county. The petition is in the usual form. Ouster laid November 24, 1892.

Defendants by their answer deny all of the allegations in the petition, and, then allege that they are the owners of said real estate, and that it was conveyed to them by one Benjamin B. Cahoon, Sr., by general warranty deed on November 24, 1892, and that said deed was duly recorded in the recorder's office of said county. "That plaintiff has pending in the circuit court of said county an action against said Cahoon, wherein he approves and whereby he has approved of said conveyance and sale by said Cahoon of said land to said Parks and wife, and wherein he, the said Nalle, seeks to recover from said Cahoon the said Nalle's alleged share of the purchase money so paid by said Parks and wife to said Cahoon for real estate, by which

said action and conduct these defendants charge that
said Nalle is and should be estopped from prosecuting
this action, and that to do so is inequitable on his part,
in that he should not in this court (which defendants
pray to take recognizance of its own records) at one and
the same time seek to recover said real estate and at
the same time seek in the same court to recover said
Nalle's alleged share of the money paid by said O'Ban-
non (Parks and wife?) to said Cahoon for said real es-
tate; for defendants state that by such suit against
said Cahoon by said Nalle, said Nalle admits and is
bound to admit the conveyance of said real estate by
said Cahoon to said Parks and wife was right and
proper, and that said Cahoon had good right to convey
said land to said Parks and wife, and that he, the said
Nalle, looks to and seeks to obtain from said Cahoon his .
alleged share (if any he has therein) of the money
paid by said Parks and wife to said Cahoon for the
whole of said real estate.   Defendants further allege
that by reason of the premises the present action by
said Nalle is inequitable and inconsistent with his said
suit against said Cahoon, and is wholly unjust; by this
suit said Nalle is seeking to and is making of this court
a vehicle to prosecute two suits at the same time in the
same court for practically the same subject-matter, in
this, that alleged suit being for the recovery of said
real estate by said Nalle, and his said other suit against
said Cahoon being for the recovery against said Ca-
hoon by said Nalle of his alleged share, or interest in
the proceeds of the sale of said real estate by said Ca-
hoon to said Parks and wife, by which action he, the
said Nalle, in fact as well as in equity, admits said
Cahoon had good right and title to convey said real es-
tate to said Parks and wife, and said Nalle thereby
assumes the position that he, the said Nalle, is en-
titled to and seeks from said Cahoon his, the said
Nalle's, alleged share of the money so received by said
Cahoon from said Parks and wife for said real estate;

that to permit said Nalle to prosecute this action while his said action against said Cahoon is, as it is now pending as aforesaid, inequitable; hence defendants pray that this cause be dismissed and stricken from the docket of said court.''

Appellant's replication, omitting caption, is as follows: ''Plaintiff, replying to defendant's answer, states that it is not true that William Parks and wife are the owners of said real estate; they (are) the co-tenants, or tenants in common, with plaintiff through and by the conveyance to them by said Cahoon, then and for a long time prior to said conveyance a tenant in common with plaintiff. Plaintiff, further replying, states that it is not true that in his said action against Cahoon, he, plaintiff, approves or has ever approved said conveyance by said Cahoon, other than to the extent that he, the said Cahoon, conveyed to said William Parks and wife the moiety of said lands then and theretofore owned by the said Cahoon, and plaintiff denies that he, in said action, seeks to recover from said Cahoon the purchase money, as alleged by defendants. Plaintiff further states that said defendants' plea of estoppel does not state facts sufficient to constitute a defense; that the facts stated do not constitute a defense; that the plea is indefinite, vague and uncertain; that it only states conclusions, not supported by facts contained in it, and is argumentative, impertinent and frivolous, all of which plaintiff denies, and each and every statement of fact and allegation therein set forth.

''Plaintiff further replying avers that defendant ought to have known, had means of knowing, and did know, that plaintiff and said Cahoon were cotenants, and that as such tenants they derived their title from a common source, to-wit, Robert Gray, deceased, and his representatives. And so having full notice, defendants wholly failed to inquire of or from plaintiff for any fact touching, affecting or appertaining to his title, possession or right of possession, and, without

notice, on said day, to-wit, November 24, 1892, unlaw-fully entered upon said real estate and ousted him, the said plaintiff, out of and from his said moiety and all of said real estate.

"Plaintiff for further reply avers the truth and the facts to be that said Cahoon, under whose convey-ance the defendants claim title to and possession of the whole of said real estate, came into possession of said land and his moiety thereof, through and by means of a conveyance of Mary J. Gray, to him and plaintiff by deed dated July 16, 1891, duly recorded same day; the election of said Mary J. Gray, widow of Robert Gray, deceased, dated August 21, 1890, duly filed in the pro-bate court, and duly recorded in the recorder's office; by deed from R. A. Anthony, trustee for William A. Hudson, and Robert Gray, dated December 29, 1891, and duly recorded, which said last deed or conveyance was, by said Cahoon, obtained for the sole purpose of protecting his own moiety therein, and was the only and sole consideration he ever paid for his interest in said land, the plaintiff paying the full consideration for the whole of said real estate subject to said incum-brance on the farm of said Gray. Wherefore plain-tiff again prays judgment for his moiety of said real estate and for said damages and costs of suit."

The facts are about as follows:

Robert B. Gray died intestate and childless, in Madison county, Missouri, in August, 1890, leaving Mary J., his widow, and the real estate involved in this suit, which was all incumbered by a deed of trust made by him to Robert A. Anthony, trustee, in said Gray's lifetime to secure a note to one Hudson, which note represented a part of the purchase money Gray had agreed to pay Hudson for the land therein described, and in which deed of trust said Gray expressly de-clared that said note was given Hudson for said land. That deed of trust was subsequently foreclosed. In addition to said incumbrance, Gray owed general debts,

to pay which all his real estate was, on petition, sold by his administrator. Prior thereto his widow, on August 26, 1890, by her legal election (which was written by plaintiff as her attorney) elected to take one-half of the real estate of said Gray subject to the payment of his debts. Gray and wife had also conveyed his homestead by deed of trust to Gabriel, beneficiary, and Edwards, trustee. B. B. Cahoon became the purchaser of all of said Gray's real estate at the sales thereof for the sum of $1,055, receiving three different deeds therefor which were recorded, respectively, on December 29, 1891, April 4, and November 5, 1892. On November 24, 1892, Cahoon, for and in consideration of the sum of $1,050, sold and conveyed the land in controversy, in connection with fifty-six other acres, to the defendants, who were innocent purchasers, and who have been in possession thereof ever since.

Plaintiff's paper title to the land in question is based on a warranty deed executed and recorded July 16, 1891, wherein said widow, Mary J. Gray, conveyed to Nalle and said Cahoon, subject, however, to said incumbrances, to-wit, the two deeds of trust of Gray and herself executed in his lifetime, and also a deed of trust to Hiram Berry, Jr., as trustee, executed August 21, 1891, to Nalle himself, as beneficiary, to secure the payment of a note for $250 six months after said date with ten per cent interest from the date of said note and deed of trust, which Nalle sold and assigned to Ed. B. Goff, and which deed of trust is yet unsatisfied of record. Said warranty deed of July 16, 1891, conveyed all the interest the said Mary J. then had in all the real estate of said Robert B. Gray, deceased. Said deed of trust of said Mary J. to said Berry, trustee, was offered by defendants to show an outstanding title from Mary J. of date prior to her said deed to Nalle and Cahoon. That deed of trust has never been satisfied, and no evidence was offered by plaintiff to show it had ever been paid.

The other grounds upon which plaintiff claims the right to recover are purely equitable and can not be considered as furnishing any ground for recovery in a case of this character.

The case was tried by the court, a jury being waived. The trial resulted in a judgment for defendants. In due time plaintiff filed motion for a new trial, which being overruled, he appeals.

Plaintiff claims that he and Cahoon were cotenants under the deed for the land to them by Mary J. Gray, executed on July 16, 1891, and that the court erred in holding that plaintiff was ousted of all ownership and title by Cahoon's purchase of the land at the sale made by the trustee, Anthony, under deed of trust executed to him by Robert B. Gray in his lifetime to secure the payment of part of the purchase money for said land.

There is no doubt of the general principle that when land is conveyed to two or more persons by the same deed they are tenants in common, and that they occupy such relation to each other that one will not be permitted to buy up an outstanding title to or incumbrance on the land for his exclusive benefit, but such purchase will inure to all such tenants as are willing to contribute their just proportion of the amount necessarily expended in the acquisition of the title or incumbrance.    [Aubuchon v. Aubuchon, 133 Mo. 260, and authorities cited.]

In Mandeville v. Solomon, 39 Cal. 125, it is said: "Equity does not deny to a tenant in common the right to purchase in an outstanding or adverse claim to the common property; it, however, deals with the tenants after such a purchase is made. While it will not permit one of them to acquire such a title solely for his own benefit, or to the absolute exclusion of the other, it at the same time exacts of that other the exercise of reasonable diligence in making his election to participate

Vol 173 mo—40

in the benefit of the new acquisition; and having, upon its own principles of fair dealing, compelled the purchasing tenant to allow his cotenant this opportunity, the latter will not be permitted to equivocate or trifle with the position thus afforded him, or to make it a means of speculation for himself, by delaying, until the rise of the land, or some event yet in the future, shall determine his course. Unless he make his election to participate within a reasonable time, and contribute or offer to contribute his ratio of the consideration actually paid, he will be deemed to have repudiated the transaction and abandoned its benefits.'' [Cockrill v. Hutchinson, 135 Mo. 67. See note to Keech v. Sanford, 1 W. & T. Leading Cas. in Eq., p. 70; Lee v. Fox, 6 Dana 176; Weaver v. Wible, 25 Pa. St. 270; Lloyd v. Lynch, 28 Pa. St. 419; Dillinger v. Kelley, 84 Mo. 561.]

Now the deed by which plaintiff and Cahoon became tenants in common in the land was executed on July 16, 1891, while Cahoon acquired the fee to the land by purchase at different trustee sales on December 29, 1891, April 4, and November 5, 1892, paying in the aggregate quite a sum therefor and, while this suit was not begun until in 1898 or 1899, plaintiff never at any time, in so far as this record discloses, offered to pay to Cahoon his proportion of the consideration actually paid by him for the land, and after the lapse of so long a time will be presumed to have repudiated the transaction and abandoned its benefits. Not only this, but Cahoon by his purchose under the deed of trust which was given by Gray and wife to Anthony, trustee, to secure in part the payment of the purchase money, acquired the legal title free from any dower or homestead right in Mrs. Gray to which defendants succeeded thereafter by the conveyance of the land to them by Cahoon, and this title was in them at the time of the institution of this suit. There was never at any time the legal title to the land or any part of it in plaintiff, and at most, only an equitable one, and it is

well settled that ejectment can not be maintained upon
a title which is merely equitable.  [Hunt v. Selleck,
118 Mo. 588; Kingman & Co. v. Sievers, 143 Mo. 519;
Clay v. Mayr, 144 Mo. 376.]  And if plaintiff had de-
sired to obtain the benefit of the purchase which Cahoon
made, he should have in a reasonable time resorted to
a court of equity, where all the matters relating to the
transaction might have been investigated, the expenses
attending the purchase apportioned, and the title ac-
quired by the defendant, or one-half of it, transferred
to the plaintiff, if it had been found in equity the pur-
chase inured to his benefit, and that defendants had
notice of his equities at the time they obtained a deed
for the land from Cahoon.  We are also of the opinion
that plaintiff is estopped from claiming title to the land
by reason of the fact that he brought suit against Ca-
hoon and obtained judgment against him for part of
the purchase money received by him for the land,
which Cahoon thereafter paid him, thereby satisfying
and confirming the sale of the land by Cahoon to de-
fendants.  From the conclusion reached it is deemed
unnecessary to pass upon other questions presented by
counsel in their briefs.

The judgment is affirmed.  All of this Division
concur.